## HOUSTON & TEXAS CENTRAL RAILROAD COMPANY v. JAMES B. HANKS.

### Decided December 22, 1909.

**1.—Personal Injuries—Symptomatic Evidence—Expert Testimony.**

In a suit for damages for personal injuries resulting in the amputation of a foot, expert testimony that plaintiff's kidneys were diseased was admissible, although injury to the kidneys was not alleged, when the purpose of the testimony was only to show a condition of the system which rendered the amputation necessary.

**2.—Expert Testimony, When not Admissible.**

Expert testimony is not admissible when, the necessary and attendant facts being proved, the jury can judge or draw a conclusion from them as well as the witness. Rule applied.

**3.—Railroads—Operating on Track of Another—Liability.**

A car wheel company owned a switch track connecting its shops with the main line of a railroad company; the manager of the car wheel company requested the foreman of the switching crew of the railroad company to place or "spot" some cars upon said switch track for the convenience of the car wheel company; the men constituting the switching crew were in the employ of, paid and controlled by, the railroad company. Held, the railroad company was liable for an injury, inflicted upon an employee of the car wheel company while placing said cars on the switch track. The contention that the switching crew in charge of the engine and cars which inflicted the injury were in the employment of the car wheel company at the time, could not be sustained.

**4.—Same—Negligence.**

The owner of a private switch track upon which a railroad company was expected and requested to place or spot freight cars for the convenience of such owner, would not be required to take precaution against any unusual, unnecessary and negligent manner of handling the cars by the railroad company on said switch, nor would the persons so handling the cars have a right to presume that such precautions had been taken.

**5.—Concurring Negligence, no Defense.**

The fact that the negligence of a third party concurred with the negligence of the defendant in causing personal injuries, would be no defense to the defendant in a suit for damages for such injuries.

**6.—Railroads—Switching Cars—Negligence.**

A switch track owned by a third party for the purpose of connecting its

shops with the main line of a railroad company, had a barrier placed across the track so as to divide the same, one end of the track being used for switching purposes and the other end as a repair track. Held, that a crew of the railroad company using one end of the track for switching purposes had no right to presume, under the facts of this case, that the barrier was, at all events, sufficient to stop and prevent the cars from passing beyond the barrier even as against an ordinary and usual movement of the cars. The switching crew should have exercised ordinary care to ascertain whether the barrier was sufficient.

**7.—Personal Injuries—Verdict not Excessive.**

A verdict for $10,500 held not excessive for the loss of a foot and part of the leg, accompanied by great and long continued suffering.

Appeal from the District Court of Harris County, Sixty-first Judicial District. Tried below before Hon. Norman G. Kittrell.

*Baker, Botts, Parker & Garwood* and *A. L. Jackson,* for appellant. —When the petition, in an action for personal injury, undertakes to specify the particular injuries inflicted, evidence of injuries to other parts or organs of the body not specified nor necessarily resulting as natural consequences from those injuries specified, is not admissible. Southern Pac. Co. v. Martin, 98 Texas, 322; Galveston, H. & S. A. Ry. Co. v. Scott, 18 Texas Civ. App., 322; Campbell, Receiver, v. Cook, 86 Texas, 630; International & G. N. Ry. Co. v. Beasley, 9 Texas Civ. App., 569; Ft. Worth & D. C. Ry. Co. v. Rogers, 21 Texas Civ. App., 605; International & G. N. R. Co. v. Thompson, 37 S. W., 25; Ft. Worth & D. C. Ry. Co. v. Measles, 81 Texas, 474; Wells-Fargo Exp. Co. v. Boyle, 39 Texas Civ. App., 365; San Antonio Traction Co. v. Yost, 39 Texas Civ. App., 551; Atchison, T. & S. F. Ry. Co. v. Willey, 48 Pac., 25.

It is permissible for a nonexpert to state his opinion upon subjects with which he is peculiarly familiar, especially when he knows and has stated the facts upon which such opinion is based. Gulf, C. & S. F. Ry. Co. v. Dunman, 85 Texas, 181; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 206; Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140; Jones on Evidence (2d ed.), secs. 360 and 367.

The relation between the defendant and the switching crew in performing the particular work that they were engaged in for the car wheel company, when the injury occurred, was not such as to render the defendant responsible for the injury on the principle of *respondeat superior.* Cunningham v. International & G. N. R. Co., 51 Texas, 503; Wilkins v. Ferrell, 10 Texas Civ. App., 231; 20 Am. & Eng. Ency. Law, pp. 178, 181; Byrne v. Kansas City, F. S. & N. Ry. Co., 61 Fed., 605, 9 C. C. A., 666, 24 L. R. A., 693; Donovan v. Laing, W. & D., 1 Q. B., 629; Powell v. Construction Company, 88 Tenn., 692; Bourke v. White Moss Collier Co., L. R., 2 C. P. Div., 205; Miller v. Minnesota & N. W. Ry. Co., 76 Iowa, 655.

The members of the switching crew were called upon by the car wheel company to enter upon this track and perform the latter's service, and had the same right that plaintiff had to rely on the assumption that the car wheel company would perform its duty. Texas & P. Ry. Co. v. Eberheart, 91 Texas, 322; Missouri, K. & T.

Ry. Co. v. Hannig, 91 Texas, 347; Bonnett v. Galveston, H. & .S. A. Ry. Co., 89 Texas, 72; 20 Am. & Eng. Ency. Law (2d ed.), p. 90; vol. 21, p. 510.

There could have been no actionable negligence on the part of defendant in any event, unless the switching crew actually discovered and realized the plaintiff's peril before the injury, and in time to avert it. Texas & P. Ry. Co. v. Breadow, 90 Texas, 27; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 198; International & G. N. R. Co. v. Edwards, 100 Texas, 22; Gulf, C. & S. F. Ry. Co. v. Matthews, 100 Texas, 63.

In American & English Encyclopedia of Law, vol. 20, p. 90, it is said: "The servant has the right to assume that the master has performed his duty as regards the inspection and repair, and may act in reliance on that assumption." (Citing Southern Pac. Ry. Co. v. Aylward, 79 Texas, 675, and many other authorities.)

If the servant, who always owes the primary duty of looking out for his own safety, is thus permitted to rely on the assumption that the master has performed his substantive duties, without taking any precaution for himself, unless or until he knows to the contrary, or must necessarily have known it, then for at least as strong reason the defendant or its employes, under the circumstances of this case, were entitled to rely upon the same assumption. Indeed, the same author last above quoted, speaking on the general subject of such presumption, says: "The presumption of the law is rather, so far as there is any presumption at all, that every party performs his duty properly, and is not negligent unless shown to be so." (Am. & Eng. Ency. of Law, vol. 21, pp. 510 and 511.)

The switching crew who caused the car to be moved, and the plaintiff, who was engaged in repairing the locomotive, were practically working for the same master and in the same service at the time of the injury, and the plaintiff must be held in law to have assumed the risk of those injuries that were ordinarily incident to the service, or which he actually knew, or must necessarily have known in his performance of the work. Texas & P. Ry. Co. v. French, 86 Texas, 98; Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 22; Missouri, K. & T. Ry. Co. v. Somers 71 Texas, 702; Houston & T. C. Ry. Co. v. Conrad, 62 Texas, 628; Wood on Master & Servant, sec. 326.

Contributory negligence: Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 163; Dallas & W. Ry. Co. v. Spicker, 61 Texas, 429; Missouri, K. & T. Ry. Co. v. Foreman, 73 Texas, 314; Sabine & E. T. Ry. Co. v. Dean, 76 Texas, 74.

The test of such relation between the act complained of and the injury as to constitute actionable negligence in this case was not (as stated in the charge) whether a person in the exercise of ordinary care could reasonably have anticipated any injury to plaintiff or someone working under or about the locomotive. We insist that an injury to "someone working under or about the locomotive" would not necessarily involve an injury such as that inflicted on plaintiff, but might involve a more remote relation. Texas & P. Ry. Co. v. Bigham, 90 Texas, 225; Texas & P. Ry. Co. v. Reed, 88 Texas, 448;

Mexican Natl. Ry. Co. v. Mussette, 86 Texas, 708; Milwaukee & St. P. Ry. Co. v. Kellogg, 94 U. S., 469; 16 Am. & Eng. Ency. Law, 436 et seq.

The Dickson Car Wheel Company owed the duty of exercising ordinary care in the display of customary flag signals for the protection of its employes engaged in the work of repairing the locomotive, and the employe had the right to assume that the master was performing this duty. Texas & P. Ry. Co. v. Eberheart, 91 Texas, 322; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 350; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Peck v. Peck, 99 Texas, 10; 20 Am. & Eng. Ency. Law, 90, 97, 124; vol. 21, pp. 510, 511.

*Ewing & Ring,* for appellee.—That the employes of the switching crew, who were doing the work and under the control of the railroad company, were the servants of the railroad company so as to impute to it their negligence towards Hanks, see Standard Oil Co. v. Anderson, 212 U. S., 215; Driscoll v. Towle, 181 Mass., 416, 63 N. E., 922; Western U. Tel. Co. v. Rust, 120 S. W., 249, 253; Burton v. Galveston, H. & S. A. Ry. Co., 61 Texas, 526; Wallace v. Southern Cotton Oil Co., 91 Texas, 21; Missouri, K. & T. Ry. Co. v. Ferch, 36 S. W., 488; 16 Am. & Eng. Ency. Law (2d ed.), 187-199.

That negligence was clearly predicable upon the conduct of the railway employes, since they might reasonably have anticipated danger to someone under the locomotive from what they did, see 21 Am. & Eng. Ency. of Law (2d ed.), pp. 466-67, 471, and cases cited.

That assumption of risk, independent of contributive negligence, is without application to the case, not only because not pleaded (International & G. N. Ry. Co. v. Harris, 95 Texas, 346), but because it is a defense "dependent upon or arising out of the contract of employment," see 1 Labatt's Master & Servant, sec. 255, p. 581; Gulf, C. & S. F. Ry. Co. v. Grisom, 36 Texas Civ. App., 630.

That, under the conflict of evidence which it must be presumed the jury resolved in favor of the plaintiff, contributory negligence is not predicable upon any act or omission complained of, see Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Texas, 545.

The testimony of the inflamed condition of the kidneys was, by reason of physical connection, competent as evidential of alleged injury, and in any event, in view of the restrictive offer in the admission and the charge of the court on the subject, no harm could have resulted to the defendant from the evidence. Southern Tel. & Tel. Co. v. Evans, 116 S. W., 418, showing that evidence is proper of any injury that by physical connection is evidential of an injury alleged. See also as illustrative of the principle, San Antonio & A. P. Ry. Co. v. DeHam, 93 Texas, 74 and 79.

That the question to the witness Carr was incompetent under the objections urged, see Shelley v. City of Austin, 74 Texas, 608; Galveston, H. & S. A. Ry. Co. v. Sweeney, 6 Texas Civ. App., 173; Radam v. Capital Microbe Destroyer Co., 81 Texas, 122.

That the ruling was in any event harmless, the answer to the question being of a fact that otherwise stood undisputed in the evidence,

see, Mullen v. Galveston, H. & S. A. Ry. Co., 92 S. W., 1001, error denied.

That the charge was correct, there being "a duty incumbent upon every person not to do that which will be likely to injure others," and in such case, it being immaterial that "the defendant is not able to foresee what person will sustain injuries thereby," see 21 Am. & Eng. Ency. Law (2d ed.), 466-467, 470-471, and 488; see also as illustrative of these elementary principles, St. Louis S. W. Ry. Co. v. Pope, 98 Texas, 541; El Paso & N. W. Ry. Co. v. Mc-Comas, 36 Texas Civ. App., 170, error refused, and Palace Car Co. v. Laack, 143 Ill., 242, 32 N. E., 285.

That the charge was in no manner on the weight of the evidence, no fact being assumed, and everything submitted being left to the determination of the jury, see Missouri Pac. Ry. Co. v. Lehmberg, 75 Texas, 62.

That the jury were entitled to know, lest they be misled, as law applicable to the case, that the defendant was not liable unless its employes were negligent as submitted, regardless of the conduct of the Dickson Car Wheel Company, and further, if its employes were negligent as submitted, that its liability to plaintiff · would not be defeated or lessened by concurrent negligence of the Dickson Car Wheel Company, see Markham v. Houston Direct Nav. Co., 73 Texas, 250; Pacific Exp. Co. v. Lasker Real Estate Assn., 81 Texas, 83; O'Connor v. Andrews, 81 Texas, 32.

That the defendant, if responsible for the original injury, was liable as matter of law for the subsequent loss of plaintiff's leg on account of that injury, even if lost through the mistaken or negligent treatment of the surgeon, provided plaintiff exercised ordinary care in the selection of such surgeon, and a fortiori is this true where, as here, the jury expressly found as a fact that the loss of the leg was a natural and probable consequence of the original injury, see City of Dallas v. Meyers, 55 S. W., 742; McGarrahan v. New York, N. H. & H. Ry. Co., 50 N. E., 610; Watson's Damages, sec. 136, p. 167; 21 Am. & Eng. Ency. Law (2d ed.), 492.

That the negligence of the defendant proximately causing the injury would render it severally liable for the whole loss, regardless of any proximately concurring negligence of the Dickson Car Wheel Company, see authorities cited above, and also Gonzales v. City of Galveston, 84 Texas, 7; Pugh v. Chesapeake & O. Ry., 101 Ky., 77; Stone v. Dickinson, 5 Allen, 29, 81 Am. Dec., 727; Flaherty v. Minneapolis & St. L. Ry., 39 Minn., 328, 12 Am. St. Rep., 654.

That the evidence warranted the reasonable inference by the jury of a loss of earning power or capacity to Hanks in the future, coupled with the other elements of damage established, sufficient to sustain the verdict with or without the loss of the leg, in view of his helpless condition as it probably would have continued without the amputation of the leg, see Galveston, H. & S. A. Ry. Co. v. Cooper, 2 Texas Civ. App., 42, error refused, verdict for $15,000, loss of leg of cattleman; Railway v. Adams, 55 S. W., 803, verdict for $15,000, loss of leg; Missouri, K. & T. Ry. Co. v. Stinson, 34 Texas Civ. App., 285, $15,000 for injury to leg of switchman, and Texarkana

& Ft. S. Ry. Co. v. Toliver, 37 Texas Civ. App., 437, $19,500 for loss of brakeman's leg; and see International & G. N. R. Co. v. Brazzil, 78 Texas, 317, and Texas & P. Ry. Co. v. Hohn, 1 Texas Civ. App., 43, and Sabine & E. T. Ry. Co. v. Ewing, 7 Texas Civ. App., 8, 12, and Galveston, H. & S. A. Ry. Co. v. Nass, 57 S. W., 910, in which verdicts ranging from $15,000 to $20,000 were approved as compensation for injuries which, without the loss of limbs, incapacitated for future service.

There being nothing to indicate passion or prejudice or other improper conduct by the jury, the court will not interfere with their assessment of damages, see Galveston, H. & S. A. Ry. Co. v. Hynes, 21 Texas Civ. App., 34, 36, and cases cited.

REESE, ASSOCIATE JUSTICE.—This is a suit by James B. Hanks against the Houston & Texas Central Railroad Company to recover damages for personal injuries alleged to have been caused by the negligence of defendant. It was alleged in the petition, in substance, that while plaintiff was at work as an employe of the Dickson Car Wheel Company, repairing a small locomotive engine standing on the repair part of a track belonging to said car wheel company, plaintiff being at work under the engine, defendant's employes negligently operated an engine and cars so that one of the cars struck the engine upon which plaintiff was at work, causing it to move, whereby plaintiff's foot was caught under one of the wheels of the engine, crushing his foot, with the result that one of his toes had to be amputated, and afterwards the leg had to be amputated between the ankle and the knee. It was alleged that the track on which the engine upon which plaintiff was at work connected with the track of defendant, and that defendant was accustomed to operate engines and cars over the same in the performance of its business; that a barrier had been placed on the track to separate that part of the same upon which repair work was being done from that upon which engines and cars were operated, and that upon the occasion in question the engine and cars of defendant were operated with such unnecessary speed that one of the cars ran upon the barrier and struck it with such force and violence as to strike and move the engine upon which plaintiff was at work.

The defendant's answer set up as defense the following matters: (1) A general demurrer; (2) a general denial; (3) contributory negligence (a), in that plaintiff voluntarily entered and placed himself under the dinky locomotive when he knew, or by ordinary care would have known, that defendant's employes were operating cars on said track and would not probably discover him in his position under the locomotive, and that he took no precaution by posting a flag or otherwise to guard or protect himself against the danger of collision between the locomotive that was repairing and the cars that might be operated and moved by defendant's employes; and (b) in that plaintiff caused the locomotive which he was engaged in repairing to be moved so close to the barrier upon the track that its drawhead extended and protruded over said barrier, so that the barrier afforded no protection against collision with the moving cars on the

track; and (4) that in so far as defendant was concerned, the plaintiff's alleged injury was the result of an unavoidable accident.

A trial with a jury resulted in a verdict and judgment for plaintiff for $10,500, from which, its motion for a new trial having been overruled, defendant prosecutes this appeal.

We find that there was negligence on the part of defendant, as alleged in the petition; that as a proximate consequence thereof appellee was injured substantially as alleged; that appellee was not guilty of contributory negligence; and that the amount of damages assessed by the jury is sustained by the evidence. (Nowlin v. Hall, 97 Texas, 443.)

By the first assignment of error appellant complains of the ruling of the court in admitting, over his objection, the testimony of appellee's witness, Dr. F. H. Neuhaus, that he had examined the urine of the plaintiff and found that the kidneys were involved. The objection to this testimony was that there was no pleading to sustain any injury to the kidneys and the evidence was therefore irrelevant and incompetent. It appears from the record that after the amputation of the toe a condition or disease called cellulitis, which was a diseased condition of the covering of the bones of the foot, developed, which, it was claimed, rendered the second amputation of the foot and part of the leg necessary. It appears from the bill of exception that when the objection was made appellee's counsel made the statement that no damages were claimed for any injury to the kidneys and this evidence was only offered as symptomatic of the cellulitis. The objection was overruled. The witness testified that the condition of the urine indicated that the cellulitis was very severe, which was the condition relied upon to show the necessity for the second amputation. The court specially instructed the jury not to allow any damages for injury to the kidneys. The assignment is without merit and is overruled.

By the second assignment of error complaint is made of the ruling of the court in sustaining the objection of appellee to the following question propounded by appellant to the witness Carr: "If that engine had been far enough back not to have been reached by the drawhead of the car, would the movement of that car have injured Mr. Hanks in any way?" The objection was that the question was hypothetical; that it called for an opinion of the witness, and was argumentative. We see no error in the ruling. It was not a matter about which an opinion of the witness was admissible. Given the distance of the engine from the barrier, and other facts, the jury could judge as well as the witness as to whether the engine was far enough back not to have been reached by the drawhead of the car. And besides, that it was so reached is one of the undisputed facts in the case, the controversy being over the manner in which that result was effected. We overrule the assignment.

The third assignment of error challenges the refusal of the court to give to the jury a special instruction, requested by appellant, to return a verdict for the defendant. The first proposition stated under this assignment is that the switching crew in charge of the engine and cars which caused the injury were, at the time, in the employment

of the Dickson Car Wheel Company and not of appellant, and there-
fore the rule of *respondeat superior* had no application. This con-
tention can not be sustained. The most that can be gotten out of
the evidence on this point is that the switch track on which the
engine and cars were being operated belonged to the Dickson Car
Wheel Company, and, connecting with the track of appellant's rail-
way, ran thence alongside the shops and platform of the car wheel
company for the purpose of placing cars at the platform to be loaded
or unloaded by the car wheel company, and upon the occasion in
question the manager of the car wheel company called upon the fore-
man of the switching crew to "spot" some cars upon this switch-
track for greater convenience in loading or unloading the same. The
car wheel company exercised no control over the men, or the manner
in which they did their work, but only requested the moving of the
cars. The men were in the employment of, paid and controlled by
appellant, and operated its engine. In spotting the cars they were
doing what was in fact the work of the railroad company. It is
entirely clear, we think, that they were at the time the agents and
servants of appellant in this work, and that appellant must be held
responsible for their negligence. None of the authorities cited by
appellant have any application to the facts of this case. From ap-
pellee's brief we get the following authorities, which we think are
in point: Standard Oil Co. v. Anderson, 212 U. S., 215; Driscoll
v. Towle, 181 Mass., 416, 63 N. E., 922.

Even if it be true that in the exercise of ordinary care the serv-
ants of appellant, in the circumstances prevailing at the time of the
accident as shown by the evidence, had the right to rely upon the
presumption that the car wheel company had performed the duty
of maintaining a proper barrier and other safeguards for the pro-
tection of appellee while at work under the engine from the operation
of trains on the switch-track outside of such barrier, the evidence is
sufficient to show that the accident was caused by the violent impact
of one of the cars against this barrier caused by the unusual, unnec-
essary and negligent manner in which the engine and cars were op-
erated, and resulting in the forcible moving of the barrier or the
partial overrunning of it by the wheels of the car, thus causing the
accident. This the car wheel company was not required to provide
against, nor did the persons engaged in operating the engine and
cars have the right to presume that it had done so.

The third proposition is based upon the assumed fact that appellee
had caused the engine upon which he was working to be placed in
dangerous proximity to the barrier, which is not established by the
evidence and which we must assume the jury found to be untrue.
The evidence authorized such finding. The same must be said as to
the fourth proposition. We conclude that the third assignment can
not be sustained.

None of the objections made to that portion of the court's charge,
objection to which is made the basis of the fourth assignment, are
well taken. The assignment and the several propositions thereunder
are therefore overruled.

That portion of the court's charge objected to, as set out in the fifth assignment of error, was given for the benefit of appellant. The jury was instructed: "If you find that it was customary, in case of a locomotive being repaired like that in question, for a flag of warning to be out, and that by the absence of the flag the defendant's employes were misled into the belief that no one was at work under or about the locomotive, and that in view of these facts, if shown, the defendant's employes were in the exercise of ordinary care, as before defined, in causing or permitting the car in question to strike and move the locomotive, if they did so, then let your verdict be for defendant; but if you do not so find, let the verdict be determined on the other issues submitted." It is objected that the facts stated with regard to the absence of the flag was a complete defense without the addition that defendant was in the exercise of ordinary care. We do not think the objection is sound. Even on the hypothesis stated, in view of the entire evidence it was for the jury to say whether defendant's employes were in the exercise of ordinary care.

By the sixth assignment of error appellant presents objection to the following portion of the court's charge: "If you do not find plaintiff entitled to recover under the court's foregoing instructions, your verdict will be for the defendant, whether the Dickson Car Wheel Company was negligent or not; but if you do find plaintiff entitled to recover under the court's foregoing instructions, then it will be neither a defense nor lessen damages for this defendant if you shall find that the Dickson Car Wheel Company was guilty of negligence towards plaintiff, and that such negligence helped to produce his injuries." This charge, in connection with other portions of the charge, does nothing more than tell the jury that the negligence of the car wheel company, if any, should not influence their verdict against defendant if they failed to find that the servants of appellant were guilty of negligence, nor should such negligence of that company influence their verdict against appellee if they found that appellant's servants were guilty of negligence in the matter charged. We think this is the law as applied to this case as made by the evidence. The case against appellant must stand or fall upon the negligence, or want of it, of its servants as a contributing cause of the accident, and appellee's guilt or innocence of contributory negligence. If the negligence of the car wheel company concurred with that of appellant in causing the injury, this would be no defense to appellant. (Markham v. Houston Nav. Co., 73 Texas, 250; Pacific Exp. Co. v. Lasker, 81 Texas, 83.) We can not agree with appellant that under the charge the jury could not consider the evidence with regard to the alleged negligence of the car wheel company, if any, as tending to show absence of negligence of appellant, if indeed it could have been given that effect under any view of the evidence.

The giving of the following charge is objected to by the seventh assignment of error: "If you believe that the plaintiff, in the selection of the physician or surgeon who treated him and who amputated his leg, used 'ordinary care,' then, even though you may believe the surgeon made a mistake in the matter of amputating his foot, the plaintiff would be entitled to recover for the loss of his foot if

you believe from all the evidence and the instructions herein given, that the defendant company was responsible for the original injury, and that the loss of his foot was a natural and probable result of such injury." The only proposition under this assignment is that "a charge containing statements and hypotheses that are inconsistent and self-contradictory and not supported by evidence, being calculated to confuse and mislead the jury, is erroneous." We confess that we are utterly unable to see anything in this charge to sustain this criticism. The assignment is without merit. The charge of the court on this issue was certainly as favorable to appellant as the evidence would allow.

Appellant requested the court to charge the jury, in substance, that if the barrier placed across the track by the car wheel company was placed there for the protection of appellee, and appellant's servants engaged in operating the engine and cars on the switch track knew this, that it was the duty of the car wheel company to use ordinary care to make this barrier sufficient to protect appellee against injury from cars moved from the opposite side of the barrier in the usual and customary manner, and if the car wheel company had failed to do this, and appellant's servants did not know, and in the exercise of ordinary care would not have known, that the barrier was so insufficient, and the cars were moved in the usual or customary manner and without unusual violence, and that such failure of the car wheel company was the proximate cause of the accident, the verdict should be for the defendant. This charge was refused. Another charge asked and refused was in substance the same as the preceding with the exception that it omits the statement with regard to the want of knowledge of appellant's servants of the insufficiency of the barrier, and that they would not have known of such insufficiency in the exercise of ordinary care on their part. The refusal to give these charges is made the ground for the eighth and ninth assignments of error. Under each assignment the following proposition is stated, which is the only proposition stated under either:

"The defendant's crew having gone upon the track of the Dickson Car Wheel Company at the request of the latter to place the latter's cars, had the right to presume and rely on the presumption that the barrier customarily maintained by the car wheel company for the protection of its own employes engaged in repair work was in reasonably safe condition as a barrier so far as ordinary care would accomplish this condition; and defendant did not owe any duty of anticipating negligence in this regard on the part of the Dickson Car Wheel Company, and its failure to so anticipate was not negligence on *its* part."

In considering these assignments we are confined to the proposition stated, which we do not think, under the evidence in this case, is a sound proposition of law. It can not be said that the servants of appellant engaged in operating the engine and cars on the opposite end of the switch-track had a right to presume that the barrier was, at all events, sufficient to protect against even an ordinary and usual movement of the cars. If they knew, or in the exercise of ordinary care should have known, that someone was at work in or about the

small engine on the opposite side of the barrier, it was incumbent upon them at least to exercise ordinary care to learn whether the barrier was sufficient to protect such person from injury if cars were moved against the barrier, even in the usual and customary manner and without unusual violence. If they did not know, and in the exercise of ordinary care would not have known, that anyone was engaged at work under or about the engine in a position that subjected him to risk of injury, under the charge of the court appellee would not have been entitled to recover. If they had, or in the exercise of ordinary care would have had, this knowledge, they had no right, without taking any care at all about the matter, to presume that the barrier was sufficient. The proposition not being sound, the assignments are overruled. (Texas & P. Ry. v. Eberheart, 91 Texas, 323.)

There was no error in the refusal to give the requested charge set out in the tenth assignment. The court's charge upon this part of the case was full and clear and sufficiently stated the law on the issue. The same must be said with regard to the eleventh assignment of error.

The twelfth assignment complains of the verdict as excessive. The jury gave appellee $10,500. The immediate consequence of the injury was a crushing of the foot which, after a considerable period of great suffering, resulted in an amputation of one of the toes. This did not give relief, but a longer period of increased suffering resulted, and complications set up threatening the most serious consequences, to avoid which a second amputation taking off the foot and part of the leg below the knee became necessary. This condition of suffering lasted for several months. We are not inclined to criticise the verdict on account of its size. The assignment is overruled.

We find no error and the judgment is affirmed.

*Affirmed.*

Writ of error refused.