TEXAS & PACIFIC RAILWAY COMPANY v. R. N. HENSON ET AL.

No. 2099. Decided November 30, 1910.

**Venue—Connecting Carriers—Terminal Transportation Company.**

A company owning and operating railway tracks and engines at a city, in the business solely of transporting shipments of live stock, arriving there on various railroads, to and from stock yards, and paid therefor by the railroads served, (Ft. Worth Belt Ry. Co.), was a transportation company within .the meaning of the Act of March 13, 1905, (Laws 29th Leg., p. 29) and was liable as such to the shipper, and to the railway held liable to him, for loss or damage by its default in handling the cattle. The railway company, when sued by the shipper for loss so occasioned could by authority of that Act, make such transportation company a party as the one ultimately liable, though the suit was brought in a county where such transportation company had no line or agent and did no business. The latter's plea of privilege was improperly sustained.

Error to the Court of Civil Appeals for the Second District, in an appeal from Midland County.

Henson and others sued the Texas & Pac. Ry. Co. Defendant made the Ft. Worth Belt Ry. Co. a party, pleading over against it as the one solely causing the injury to cattle shipped for which plaintiff sought to recover. The Belt Ry. Co. pleaded its privilege to be sued in Tarrant County. The plea was sustained. Plaintiff recovered against defendant. The latter appealed, and on affirmance obtained writ of error.

*Ed. W. Smith,* for plaintiff in error.—The Fort Worth Belt Railway Company is such "common carrier," or if not such common carrier, is such "railroad company," or if not such railroad company, is such "transportation company" as is contemplated in section 23a of article 1194, and as such is subject to the jurisdiction of the District Court of Midland County in this suit. Rev. Stats., art. 1194, sec. 23a, art. 1208; Acts 1905, p. 29; International & G. N. R. Co. v. Jones, 26 Texas Civ. App., 167; United States v. Sioux City Stock Yards, 162 Fed., 556, and authorities cited; United States v. Union Stock Yards, 161 Fed., 919, and authorities cited.

*Capps, Cantey, Hanger & Short,* for defendant in error, Ft. Worth Belt Ry. Co.—It appearing from the evidence that the Fort Worth Belt Railway Company had no contract or dealing whatsoever with the shipper, did not see his contract, did not share in a proportionate part of the rate charged for the transportation, and did not know the shipper in the transaction, but merely switched the cars at the request of the appellant, and for its convenience, and did not in any way acquiesce in, act upon, or recognize the contract made for the shipment, it follows that it was merely the agent of appellant, and was not a connecting carrier, and as such was neither a proper nor necessary party to the suit, and the court did not err in sustaining its plea of privilege. Texas & P. Ry. Co. v. Scoggin & Brown, 40 Texas Civ. App., 525; Chicago, R. I. & G. Ry. Co. v. Young & Ball, 107 S. W., 127; Texas & P. R. Co. v. Scharbauer, 52 S. W., 589; Texas & P. Ry. Co. v. Felker, 40 Texas Civ. App., 604; Gulf, C. & S. F. Ry. Co. v. Eddins, 7 Texas Civ. App., 116; Texas & N. O. R. Co. v. Gulf & I. Ry. Co., 54 S. W., 1031, 93 Texas, 482; Kentucky & I. Bridge Co. v. Louisville & N. R. R. Co., 37 Fed., 567, 2 L. R. A., 289; Western & Atlantic R. Co. v. Exposition Cotton Mills, 81 Ga., 522, 7 S. E., 916, 2 L. R. A., 102; Elliott on Railroads, 2d ed., sec. 1399; Moore on Carriers, sec. 43; Louisville & N. Ry. Co. v. Farmers & Drovers L. S. C. F., 52 S. W., 972.

Article 1208 of the Revised Statutes relates to the subject of parties and not venue, and it does not authorize a person to be brought into a pending case by virtue of this article, unless he be liable to be sued in the county of the forum upon the cause of action asserted, independently of the pending suit. Holloway v. Blum, 60 Texas, 626; St. Louis S. W. Ry. Co. v. McKnight, 99 Texas, 289; Mugg & Dryden v. Texas & P. Ry. Co., 91 S. W., 876.

*A. L. Green* and *Caldwell & Whitaker,* for defendants in error.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

R. N. Henson sued the Texas & Pacific Railway Company for delay and rough handling of a consignment of cattle shipped over its road from Stanton to Fort Worth. The Texas & Pacific Railway Company in due time impleaded the Ft. Worth Belt Railway Company, alleging that if the cattle were injured in the transit the injury was caused by the neglect of the Ft. Worth Belt Railway Company, and asked that it be made a party defendant, which was done. That company pleaded, to the cross-action of the Texas & Pacific Railway Company, that its domicile was in Tarrant County and not in Midland County (where the action was brought) and asserted its privilege of being sued in the county of its domicile. This plea was sustained by the trial court and the judgment was affirmed by the Court of Civil Appeals.

The question on this branch of the case is: Is the Ft. Worth Belt Railway Company a railroad company, a transportation company, or a common carrier of any kind or name whatever? We think this question admits of but one answer, and that is that it is, at least, a transportation company. The statute reads as follows:

"An Act to amend section 1 of an Act approved May 20, 1899, entitled 'An Act to prescribe the parties to and the venue of suits against railroad corporations and assignees, trustees and receivers operating any railway over whose transportation lines, or parts thereof, any freight, baggage or other property has been carried during transportation,' so as to prescribe the parties to and the venue of suits against railroads, express or transportation companies or common carriers of any kind, or the assignee, lessee, trustee or receiver of any such, operating or doing business in this State, or having an agent or representative in this State, where any damage, loss or other cause of action arises, out of the transportation or contract in relation to the carriage of passengers or freight, baggage or other property, and providing for the apportionment of the damage recovered between the defendants, and providing additional means of obtaining service on nonresident corporations or companies having agents in this State." (Laws 1905, p. 29.)

The statute says "transportation companies," and we do not see why it does not mean transportation companies. It may be doubtful whether the Ft. Worth Belt Company is a railroad company in the broad sense of these terms, or a common carrier, but that it is a transportation company we have no doubt. The company has five engines and some twelve or fifteen miles of railroad track, and its sole business is to intercept cattle on the way to the stock yards north of Fort Worth and to transport them over its own line to the latter place. Its work is paid for by the railroad company which employs it to transport the cattle to the stock yards; but we fail to see that that way of getting compensation for its services makes any difference. Our conclusion is that the Ft. Worth Belt Railway Company is a transportation company within the meaning of the statute quoted and that when it carries the cars of another company

loaded with live stock from its intersection with such other company to the stock yards at Fort Worth and it fails to exercise proper care in the carriage or handling of such live stock, it becomes liable to the plaintiff, or to the company for which it acts in the transportation of the live stock, for all damages resulting from its negligence in so doing. Our opinion is that for the error pointed out the judgment in favor of the Ft. Worth Belt Railway Company should be reversed and the cause remanded for a new trial.

We have carefully examined the assignments of error against the judgment recovered by plaintiff, but have concluded that they were correctly overruled by the Court of Civil Appeals.

Accordingly, the judgment in favor of plaintiff is affirmed, and that in favor of the Ft. Worth Belt Railway Company is reversed and the cause remanded.

*Affirmed in part and in part reversed and remanded.*