## KIRBY LUMBER CO. v. ELLISON.
### (No. 1178.)

(Court of Civil Appeals of Texas. Beaumont. March 9, 1925.)

1. **Damages** &⇒34—**Person injured by another's negligence may recover for aggravation not due to his own want of ordinary care.**

Person injured by another's negligent act may recover for accidental aggravation to injury not due to his own want of ordinary care.

2. **Master and servant** &⇒393½—**Payment of compensation held to bar recovery for aggravation of injuries by employer's doctors.**

Any aggravation of injuries received in course of employment from malpractice of employer's doctors, who were paid out of sums deducted from employé's wages, was compensable as proximate result of original injury under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, and in view of articles 5246—3, 5246—4, 5246—9, employer was not liable therefor in second action, in absence of showing that it failed to exercise due care in selecting doctors and furnishing proper place for treatment.

Appeal from District Court, Sabine County; V. H. Stark, Judge.

Action by Frank Ellison against the Kirby Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Andrews, Streetman, Logue & Mobley, of Houston, and E. H. Carter, of Center, for appellant.

Minton & Lewis, of Hemphill, and S. W. Blount, of Nacogdoches, for appellee.

WALKER, J. On or about the 24th day of February, 1922, while in the due course of his employment, appellee was run over by one of appellant's trains and received injuries which resulted in the amputation of his leg between his knee and ankle. Appellee, as did the other employés of appellant, contributed a small monthly sum from his wages for the purpose of paying hospital and medical bills when injured and sick. Appellant retained this sum from the wages of its employés, and administered the same for their benefit. Dr. Morgan, of Bronson, Tex., where appellee lived, and Dr. Wier, of Beaumont, were two of the physicians and surgeons retained by appellant and paid from this fund. It was their duty, under their contract of employment, to treat and care for the sick and injured employés of appellant. Under the provisions of his contract of employment, appellee was carried to Dr. Morgan immediately after his injury, and Dr. Morgan cut off his leg and gave him first-aid treatment, and then went with him to Beaumont and placed him under the treatment of Dr. Wier. These doctors treated him for several months, but, not being satisfied with the treatment they were giving him, appellee went to Dr. Tucker, at Nacogdoches, who performed a second operation, amputating his leg above the knee.

Appellant was a subscriber under our Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). Appellee was awarded compensation for his injuries, which resulted in the first operation, and has continuously received the same. He brought this action alleging that his original injury was aggravated by the negligence and malpractice of Drs. Morgan and Wier, which resulted in aggravating his injury to the extent that it was necessary to perform the second operation; that these doctors were the servants and agents of appellant in treating him, and that it was chargeable with and responsible for their negligence.

[1] Appellant answered by general and special demurrers, general denial, and a special plea to the effect that the injury sued for was the proximate result of the original injury and was, therefore, covered by the

provisions of the compensation act, and since it was a subscriber under that act, it was not liable to appellee for any sum. On a trial to a jury on special issues, judgment was rendered in appellee's favor for $12,000.

Article 5246—3, Vernon's Ann. Civ. St. Supp. 1918, provides:

"The employés of a subscriber shall have no right of action against their employer for damages for personal injuries," etc.

Article 5246—4 provides:

"An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment," etc.

It was said in Smith v. Railway Co., 79 Wash. 453, 140 P. 687:

"If a person receives an injury through the negligent act of another, and the injury is afterwards aggravated, and a recovery retarded, through some accident not the result of want of ordinary care on the part of the injured person, he may recover for the entire injury sustained, as the law regards the probability of such aggravation as a sequence and natural result likely to flow from the original injury."

This proposition is fully supported by our own authorities. Railway Co. v. Miller (Tex. Civ. App.) 191 S. W. 374; Railway Co. v. Doyle (Tex. Civ. App.) 25 S. W. 461; City of Dallas v. Meyers (Tex. Civ. App.) 55 S. W. 742; Railway Co. v. McKenzie, 30 Tex. Civ. App. 293, 70 S. W. 237; Railway Co. v. Hanks, 58 Tex. Civ. App. 298, 124 S. W. 136; Railway Co. v. Mosley (Tex. Civ. App.) 124 S. W. 485; Railway Co. v. Coon, 69 Tex. 730, 7 S. W. 492; Freeman v. Wilson (Tex. Civ. App.) 149 S. W. 413.

[2] Since the jury in this case acquitted appellee of contributing to the aggravation of his injury, under the proposition just stated all injuries received by him as a result of the malpractice of appellant's doctors, if any there was, was the direct and proximate result of the original injury. The original injury being within the provisions of the Compensation Act, the insurer was liable for all its proximate results. Vernon's Ann. Civ. St. Supp. 1918, art. 5246—25, Employer's Indemnity Corp. v. Woods (Tex. Civ. App.) 230 S. W. 461. Therefore, the insurance carried by appellant under the terms of the Compensation Act, relieved it of all liability, not only for the immediate consequences of its negligence, but for all results proximately resulting therefrom.

Again, if appellee was injured by the malpractice of appellant's doctors, the injuries were received while he was in the course of his employment. He had contracted with appellant to receive medical treatment, and was being treated under the terms of that contract. Apart from his contract, appellant owed him no duty. The doctors were, at the most, only the agents of appellant to execute the terms of its contract with its employés. No new independent relation had arisen. As the aggravated injuries were the proximate result of the original injury, so all the subsequent relations between appellant and appellee must relate back to the original contract for their actionable elements. Can it be denied that appellant had protected itself from all the consequences of the original employment by becoming a subscriber under the compensation act? If protected from the immediate consequences—those covered by the compensation now being received by appellee—is it not also protected from the proximate consequences of such injuries? If not, then when did the protection cease and a new liability begin. At what moment in the progressive chain of his injuries did appellee lose his right to look to the insurer and acquire a new action at common law against appellant? He never lost his right to compensation but, having that right, has waived, under art. 5246—4, his right of action at common law.'

This proposition was directly met by the Supreme Court of Washington, in Ross v. Erickson Construction Co., 89 Wash. 634, 155 P. 153, L. R. A. 1916F, 319:

"When a workman is hurt and removed to a hospital, or is put under the care of a surgeon, he is still, within every intendment of the law, in the course of his employment and a charge upon the industry, and so continues as long as his disability continues. The law is grounded upon the theory of insurance against the consequence of accidents. The question is not whether an injured workman can recover against any particular person, but rather: Is his condition so directly or proximately attributable to his employment as to invoke the benevolent design of the state?"

In that case the facts were identical with the facts of this case, and on the proposition just stated the employé was relieved of the consequences of malpractice of his attending physicians and surgeons, who were paid from a fund collected as was the hospital fund in this case.

Again, article 5246—9 imposes upon the insurer or the subscriber under the compensation act the burden of furnishing an injured employé with medical aid, hospital services, and medicines during the first two weeks of the injury. Drs. Morgan and Wier, in performing the first operation and in treating appellee duing the first two weeks were only complying with the conditions imposed upon appellant, and while it rested under the duty of exercising due care in providing a proper place for treating appellee and in selecting physicians and surgeons for that purpose, there is no suggestion in the record that in retaining Drs. Morgan and Wier it failed to exercise that degree of care, nor is there any suggestion that it failed to pro-

vide a proper place for his treatment. Therefore, no liability could arise for any negligent treatment during that period of time. Davis v. Railway Co. (Tex. Civ. App.) 196 S. W. 603; Moore v. Lee. 109 Tex. 391, 211 S. W. 214, 4 A. L. R. 185.

Appellant also advances the proposition that this case comes within the rule announced in Railway Co. v. Zumwalt, 103 Tex. 603, 132 S. W. 113, 30 L. R. A. (N. S.) 1206; on the theory that the evidence showed that the hospital fund did not become the property of the company, but was only held by it in trust for the contributing employés. We are doubtful whether the facts of this case are sufficient to bring it within that rule, but having disposed of the case on the theory that appellee's injuries are compensable under the Workmen's Compensation Act, no good purpose could be served by a further discussion of this last proposition.

It follows that the judgment in favor of appellee must be reversed, and judgment here rendered in favor of appellant.

Reversed and rendered.