## PHILLIPS v. WRIGHT.
### No. 13034.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 25, 1935.

Rehearing Denied March 8, 1935.

Taylor, Muse & Taylor, of Wichita Falls, and Temple Yarbrough, of Bowie, for plaintiff in error.

Benson & Benson, of Bowie, and Seay, Malone & Lipscomb, of Dallas, for defendant in error.

BROWN, Justice.

This cause was instituted by appellant in the district court of Montague county against the appellee, a practicing physician and surgeon, alleging that appellant was severely injured by a bus owned by the North Texas Coach Company; that he was taken to appellee's hospital in Bowie, Tex., where appellee, who held himself out to the public as a skilled physician and surgeon, undertook to treat appellant.

Appellant alleged: That "the defendant in setting the bones in the plaintiff's leg carelessly and negligently set the same so that they would not knit together and make such a union as the same should make. That if the defendant had carefully examined the plaintiff's leg and the broken bones in his leg and had not carelessly and negligently set the bones in the plaintiff's leg as he did set the same and had set said bones after making a thorough examination of the same that the bones in the plaintiff's leg would have united and would have made such a union as the plaintiff could have and would have been able to use and walk upon the same." That he is now unable to walk thereon, and his condition was proximately caused by "the defendant's carelessness and negligence in treating this plaintiff."

Similar allegations are made as to appellant's ankle; and complaint is made that appellant received an injury to his neck, and complained of pain therein, but the appellee failed to X-ray his neck and to properly treat

his neck; that he has grown steadily worse; that one leg is shorter than the other; and concludes his allegations with: "and that the carelessness and negligence upon the part of the defendant in the examination of plaintiff's injuries and in treating the same, was and is the direct and proximate cause and result of the plaintiff's condition at this time."

Appellant alleged that he was confined to appellee's hospital about six months, and was compelled to pay and did pay appellee $1,500 for his treatment therein; that but for appellee's negligence he would not have had occasion to remain in the hospital and on expense for more than four months; that he has lost twenty months from his business, and will lose about three years in the future, and has been damaged $250 per month for such fifty-six months' loss of time; that he has suffered and will continue to suffer mentally and physically from the negligence, carelessness, and unskillfulness of appellee, for which he asks damages in the further sum of $10,000.

Appellee answered, pleading that appellant brought suit in the district court of Montague county against the above-named bus company, in which appellant prayed for the recovery of all damages flowing to him by reason of the injuries received by him, when run down by the company's bus; that the suit was transferred to the district court of Wichita county, where a trial resulted in appellant's favor for a large sum of money; that the judgment thus obtained by appellant was compromised and settled, and a release executed by appellant in which appellant and his attorneys, in releasing the parties, used the following language: "Do hereby release and forever discharge the said North Texas Coach Company, Inc., and the Fidelity and Casualty Company of New York City, N. Y., and the Excess Insurance Company of America from any and all liability of every kind and character whether known or unknown growing out of or incident to the accident which the said D. L. Phillips had on or about the 4th day of January, 1931, with the coach of the North Texas Coach Company, Inc." That such settlement and release effectually released appellee from any responsibility to appellant upon the cause of action attempted to be set up against appellee by appellant. Appellee denied all allegations made by appellant, and denied liability in any event.

The record discloses that appellant was injured on January 4, 1931, and was under the care and treatment of appellee for a little more than six months; that he consulted and employed other physicians and surgeons, who examined and treated him and some of whom advised an operation. All of this occurred before the instant suit was brought.

The record further discloses that appellant sought to recover against the Coach Company all of the damages he seeks to recover in the instant suit, but that there was no allegation of malpractice upon the part of his surgeon, the appellee.

In view of the conclusion reached by us, we do not consider it necessary to notice the demurrers and special exceptions of the parties, the trial court's rulings thereon, and any assignments of error relating thereto.

This was a jury trial; and when the introduction of evidence was concluded by all parties, appellee moved for a peremptory instruction, which was granted, the verdict for appellee signed by the foreman, and judgment promptly entered that appellant take nothing against appellee.

From the judgment the case is brought before us by the plaintiff below upon a writ of error, but we are designating the parties "appellant" and "appellee" for convenience, the briefs so referring to them.

There are three assignments of error presented, in substance, as follows: (1) That there was evidence of such probative force as that it raised issues for proper findings by the jury, and therefore the instructed verdict was error; (2) that appellee had the burden of proving that the release of the Coach Company was a full, final, and complete release and settlement in full of the suit and claim against appellee; (3) is an elaboration of the second assignment of error, and asserts that the issue of full settlement was for the jury, under the evidence.

We will consider the second and third assignments of error together and take them up first.

In the case of Martin v. Cunningham, 93 Wash. 517, 161 P. 355, 356, L. R. A. 1918A, 225, by the Supreme Court of the State of Washington, where Martin, a fireman employed by the Great Northern Railway Company, was injured in a collision, was taken to the hospital, and treated by the company's local physician, but did not receive a perfect cure, Martin first brought suit against the railway company for personal injuries and settled his case, releasing the railway company, using the following language: "Including all claims for loss of time and loss of services, support and society, and all claims

for medical, surgical nursing, hospital, and other expenses, arising, or to arise, out of any and all personal injuries sustained by me at any time or place while in the employ of said railway company prior to the date of these presents." The release further stipulated that the settlement made was "in full settlement of any and all claims of every kind."

After the settlement was made, Martin brought suit against the physician to recover damages for malpractice in the treatment of his injuries.

The release was pleaded in bar of Martin's right to recover (as was done in the instant suit) and the trial court denied recovery.

In the able opinion, Justice Fullerton says:

"The prevailing rule is that one who has been injured through the negligence of his employer can recover all damages proximately traceable to the primary negligence. This right of recovery extends even to subsequent aggravations whose probability the law regards as a sequence and natural result likely to flow from the original injury. * * * Malpractice of an attending physician, in a case where the master was liable for the original injury, has always been regarded by the law as one of the probable consequences of the injury, whether the surgeon be furnished by the master or employed with due care by the servant. This principle is well stated in City of Dallas v. Meyers (Tex. Civ. App.) 55 S. W. 742, as follows: 'If the injured party, in good faith, and in the exercise of ordinary care, employs a physician to treat his injuries, and his injuries are aggravated through the mistake or negligence of his physician in his treatment, the negligent or mistaken treatment of the physician does not become an intervening cause, breaking the causal connection between the negligence producing the original injury and the ultimate effects of such injury. In such case the original party may recover damages for the injury he has sustained, including the aggravation resulting from the negligence of his doctor.' * * *

"The railway company was liable not only for the injury and resulting suffering of appellant, but also for the malpractice of the attending surgeon and for the expenses of medical attendance. Having that liability in view, the company settled with him, paying him a substantial sum for a release from further liability. At the date of the release the appellant had already suffered from the alleged malpractice and had employed another surgeon to remedy it, to whom he had paid $500 for the service. These were all matters that could be enforced against the railway company under its liability for damages, and the settlement was clearly made with a view to covering all those elements of damages. They were known to exist by the parties to the release, and the settlement was made with reference to them. The release, having been made in full satisfaction of all existing claims, precludes the appellant from bringing a second action for malpractice against the surgeon, occupying somewhat the position of a joint tort-feasor, to recover double compensation for what he has already been satisfied."

The Meyers Case, supra, is supported by a number of Texas authorities, including H. & T. C. Ry. Co. v. Hanks, 58 Tex. Civ. App. 298, 124 S. W. 136, and G., H. & S. A. Ry. Co. v. Miller (Tex. Civ. App.) 191 S. W. 374.

In further support of our holding that appellant cannot recover from appellee, under the record presented, we cite Retelle v. Sullivan, 191 Wis. 576, 211 N. W. 765, 50 A. L. R. 1106,; Smith v. Mann, 184 Minn. 485, 239 N. W. 223; Keown v. Young, 129 Kan. 563, 283 P. 511; Edmondson v. Hancock, 40 Ga. App. 587, 151 S. E. 114.

■ But there is another reason why the judgment of the trial court should not be disturbed.

It is well settled that the law entertains in favor of a physician, or surgeon, the presumption that he has discharged his full duty, and to overcome such presumption the law exacts affirmative proof, both of breach of duty and that such breach resulted in injury. Negligence, in such cases, is never imputed from mere results, nor can any inference of negligence be indulged against a physician, or surgeon, from the results.

In such a case as we have before us there must be expert medical testimony to establish malpractice, and to further establish the fact that injury resulted from the malpractice. There not only is no expert medical testimony in the record, there is no evidence tending to show that appellant was injured because of appellee's treatment, or his failure to properly treat appellant. Floyd v. Michie (Tex. Civ. App.) 11 S.W.(2d) 657, and cases cited.

All assignments of error are overruled, and the judgment of the trial court is affirmed.