Bell, J.
—We are of opinion that the objection to the admissibility of the copy of the account of the assessor and collector, Highsmith, which whs marked “ exhibit B,” ought to have been sustained. The court below doubtless regarded it as a copy of a record of the Comptroller’s office, and admitted it in evidence as such. It appears to be a statement of the account of the assessor and collector with the Comptroller, made by the assessor and collector himself, and attached to the account as an acknowledgment by the assessor of a balance due. There is no statute which requires the assessors to make such acknowledgments, and no statute which gives to such a paper as the one in question the dignity of a public record. Doubtless the practice- has grown up in the Comptroller’s office, of obtaining such statements and such acknowledgments from the assessors, where it was practicable to do so, for the convenience of the office, and for the greater security of the public interests. But copies of such papers cannot be admitted in evidence upon the certificate of the Comptroller, in the absence of any statute giving to them the dignity of records of his office. Such an acknowledgment would, therefore, have to be treated like any other admission in writing. It could only be read in evidence by consent, or upon proof of its execution. This same point *140 was considered in the case of Albright v. The State, during the last term at Tyler, which case is not yet reported, hut will be found in 25 Tex. (Albright v. The Governor, 25 Tex., 687.)
The judgment of the court below is
Reversed and the cause remanded.