FRANZ FALK BREWING COMPANY, LIMITED, v. L. HIRSCH.

No. 2836.

1. **Foreign Judgment—Jurisdiction.**—A foreign judgment against a citizen of Texas in a personal action without personal service on or appearance by the defendant is without jurisdiction, and is void when offered as a basis of right in a Texas court.

2. **Service, etc.**—Suit was brought in Wisconsin by Hirsch upon a Texas judgment, in aid of which the garnishment proceedings herein were issued, and against appellant, whose residence was in Wisconsin. While the suit was pending appellant brought a suit in the same court seeking to offset said judgment and to have it declared satisfied. Pending the latter suit Hirsch dismissed his action, which was allowed without prejudice to appellant's suit. Notice of the offset proceedings was served on Hirsch's attorney in Wisconsin, and also upon Hirsch in Texas. Upon this as service a decree

was rendered by the Wisconsin court *offsetting* the Hirsch judgment and declaring it satisfied. Hirsch obtained a writ of garnishment in aid of his judgment. The garnishee acknowledged indebtedness. The appellant appeared and sought to defeat the garnishment by showing the action of the Wisconsin court. *Held*, that the Wisconsin decree was without jurisdiction and void.

APPEAL from Dallas. Tried below before Hon. R. E. Burke. The opinion states the case.

*Kearby, McCoy & Hayter,* for appellant.— All questions upon the record are obviated, and the propositions by brief are confined to and ranged under the agreed propositions of issue, to-wit: "Did the Circuit Court of the State of Wisconsin have such jurisdiction of plaintiff L. Hirsch, the appellee, as to render a valid judgment against him, and is said judgment *res adjudicata* against plaintiff's recovery herein? If the Supreme Court decides the proposition in the affirmative, then the cause shall be reversed and rendered for appellant; if the court decides it in the negative, then the case is to be affirmed."

1. Appellee, by going into the Second Judicial Circuit Court of Wisconsin to seek the aid and relief of that court, placed his person and personal rights subject to that jurisdiction and subject to all defenses and relief asserted by the parties against whom he acted, whether the process of that court could reach him or not. As to counter-claim and set-off defenses, see Rev. Stats. Wis., secs. 2656, 2657, 4264; and as to appearance, Rev. Stats. Wis., secs. 2585, 2643; Glass v. Smith, 66 Texas, 550; Westcott v. Menard, Dallam, 504; Houston v. Dunn, 13 Texas, 476; Hatch v. Garza, 22 Texas, 187, 188.

2. The Circuit Court of Wisconsin seized upon with its process the subject matter of suit placed within its jurisdiction voluntarily by appellee for adjudication, and thereby became empowered to fully adjudicate all matters therein, independent of its jurisdictional reach to the person of Hirsch. Chambers & Thigpen v. Cannon, 62 Texas, 295, 296; Pennoyer v. Neff, 95 U. S., 714; Dunn v. Clark, 8 Pet., 1.

3. Substituted service or bare notice is sufficient where a pending suit at law is arrested by equity proceeding in the same forum by defendants to the law action, and attorneys of record are agents constituted by law. Jones v. Jones, 60 Texas, 455; St. Clair v. Cox, 106 U. S., 353; Dunn v. Clark, 8 Pet., 1; Desty Fed. Proc., rule 13, p. 684; 1 Dan. Chan. Prac. and Plead., 5 ed., 172, 447, *et seq.;* 2 Id., 1045, 1549, 1550.

4. The judgment of the Circuit Court of Wisconsin is conclusive of the judgment upon which garnishment in this case was brought and conclusive upon appellee. Rice, Stix & Co. v. Peteet, 66 Texas, 569; Reid v. Boyd, 13 Texas, 242; Cook v. Thornhill, 13 Texas, 297; Houston v. Dunn, 13 Texas, 476; Hampton v. McConnell, 3 Wheat., 234.

*Wright & Wright,* for appellee.— 1.   The fact of appellee instituting suit in the Circuit Court of Wisconsin, at Milwaukee, against appellant did not authorize the appellant herein to institute an independent proceeding against appellee and one A. L. Loeb.

2.   The Circuit Court of Wisconsin did not have jurisdiction of appellee by reason of appellee instituting his suit on his judgment.   Rev. Stats. Wis., secs. 2600–2604.

3.   There is no such thing as substituted service where there is no distinction between law and equity, and the service had in the case of Franz Falk Brewing Company, limited, against L. Hirsch and A. L. Loeb in the Circuit Court of Milwaukee, Wisconsin, was not sufficient to bind them.   Rev. Stats. Wis., secs. 2600–2604, 2647; 7 Wis., 492; 40 Wis., 365.

4.   The judgment of the Circuit Court of Wisconsin against appellee and Aaron Loeb was nothing more than a judgment under service by publication, and is not binding on them as to matters litigated therein; which matters under the law of Wisconsin could have been set up in appellee's suit against appellant on his judgment, as there is no distinction between law and equity in Wisconsin.   Pennoyer v. Neff, 95 U. S., 723; St. Clair v. Cox, 106 U. S., 353.

STAYTON, Chief Justice.—Aaron Loeb obtained a judgment against appellant company in the District Court for Dallas County for $3710.76, which was assigned to appellee.

To secure the payment of that judgment Hirsch sued out a writ of garnishment on January 5, 1888, which was served on E. M. Tellman as garnishee, who answered that he was indebted to appellant in the sum of $1489.10, but prayed that appellant be made party to the proceeding.

Appellant intervened and in defense alleged that Hirsch instituted a suit in a Circuit Court in the State of Wisconsin against it on the judgment made the basis of this proceeding in garnishment; that therein appellant procured an order restraining Hirsch from further proceeding with the cause until further order from the court; that appellant instituted in the same court a suit against Loeb and Hirsch, in which it alleged that it was the owner of a judgment rendered against Loeb by the District Court for Dallas County in favor of A. Guenther & Co., which amounted to more than the judgment in favor of Loeb, which it sought to offset against the judgment assigned by Loeb to Hirsch, and as a ground for such relief stated that the assignment through which Hirsch claimed was only colorable and made for the purpose of defeating the right to set-off.

While the action last referred to was pending Hirsch dismissed his action, but in entering the order this was expressed to be without prejudice to right of appellant to prosecute the action instituted by it.

Loeb and Hirsch were citizens of Texas and appellant domiciled or resident in the State of Wisconsin.

Notice of the institution of the suit by appellant was served upon the attorneys representing Hirsch in the action brought by him, and notice thereof was served on Hirsch within the State of Texas by some private person in accordance with the provisions of some statute in force in the State of Wisconsin, but Hirsch was not otherwise cited, nor did he appear in that cause either in person or by attorney.

On hearing of the suit instituted by appellant the Circuit Court adjudged the facts to exist which entitled appellant to have satisfied by offset or counter-claim the judgment of which Hirsch claims to have been the owner, and so adjudged, and besides entered a decree restraining Hirsch, Loeb, their agents, and attorney from collecting or attempting to collect the judgment made the basis of the writ of garnishment in the cause before us.

These matters appellant pleaded in bar of this action, but the court below held that the judgment rendered in the State of Wisconsin against Hirsch was inoperative, because that court never acquired jurisdiction over him in such manner as to empower it to make a binding adjudication against him.

If the Circuit Court of Wisconsin had jurisdiction over Hirsch its judgment must be given the same effect when called in question here that would be given to it in Wisconsin; but if it had not jurisdiction finally to adjudicate the rights of the parties growing out of their ownerships of the respective judgments, then the decision of the court below is correct.

If, as might have been done had the suit been brought by Hirsch here in a court of this State, the right of the parties had been adjudicated in the action brought by him, we think there could be no doubt that the judgment would be binding upon him; for by bringing that action he therein gave the court jurisdiction not only to hear his case, but also to hear any defenses which might legally be urged against it, and as the law and facts might require to render a judgment decisive of the rights of the parties.

Such a course, however, was not pursued, and we are of opinion that with the dismissal of that action went all jurisdiction conferred on the court by the voluntary act of Hirsch.

Hirsch never voluntarily appeared in the suit brought by appellant against him, which was original and not ancillary in its character, and it can not be held that notice to the attorney employed by him to prosecute the action brought by himself would clothe the court with power to finally adjudicate his right in another original proceeding.

Notice to the attorneys of Hirsch of the restraining order entered in the action brought by him was sufficient to render him liable for contempt had he violated it, but with the dismissal of that action went the

restraining order, only temporary in its nature, as well as all jurisdiction over the person of Hirsch.

The only further ground on which it can be claimed that the Wisconsin court had jurisdiction over Hirsch is that some kind of notice or summons issued from that court was served upon him in Texas.'

That such service could not confer such jurisdiction is well settled. Pennoyer v. Neff, 95 U. S., 714; Harkness v. Hyde, 98 U. S., 476; York v. State, 73 Texas, 654; Masterson v. Little, 75 Texas, 682.

There is no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered October 17, 1890.