## EMPLOYERS' INDEMNITY CORPORATION v. WOODS et al.   (No. 676.)

(Court of Civil Appeals of Texas. Beaumont. April 30, 1921. Rehearing Denied May 11, 1921.)

1. **Master and servant ⬅419—Compensation terminable on showing injury healed.**

The power rests with the Industrial Accident Board to terminate compensation for an injured employé at any time on a showing that his injury had healed.

2. **Master and servant ⬅385(20)—Commutation of compensation without board's approval void.**

Under Workmen's Compensation Act, pt. 1, §§ 14, 15, 18, pt. 2, § 12, it was the intention of the Legislature to provide for compensation in weekly payments with certain definite exceptions to be approved by the Industrial Accident Board, and to make void a contract by a beneficiary to commute his compensation to a lump sum without the board's approval.

3. **Master and servant ⬅396—Justice court without jurisdiction of lump sum settlement under Compensation Act.**

Under Workmen's Compensation Act, pt. 1, §§ 14, 15, 18, pt. 2, § 12, the justice court did not have jurisdiction to try the issue of a lump sum settlement by a compensation insurer with an injured employé; the amount involved exceeding the jurisdiction of the court.

4. **Master and servant ⬅396—Courts without jurisdiction to decree lump settlement under Compensation Act.**

Under the general jurisdiction of courts of the state they have no power to decree lump settlements in favor of injured employés under the Workmen's Compensation Act.

5. **Justices of the peace ⬅129(3)—Decree does not foreclose inquiry as to jurisdictional facts.**

The decree of a justice court does not foreclose a subsequent inquiry into jurisdictional facts.

**6. Justices of the peace ⬦130—Court must have jurisdiction of parties and subject-matter for judgment to be res adjudicata.**

For the judgment of a justice court to be res adjudicata of the issues submitted to it, such court must have jurisdiction both of the parties and of the subject-matter.

**7. Master and servant ⬦411—Judgment for lump sum settlement held no estoppel in favor of compensation insurer.**

No estoppel arose in favor of a workmen's compensation insurer against an injured employé who agreed to accept a lump sum settlement, the employé, having been without power to contract in the premises, as the insurer knew, and the justice court which rendered judgment for such a lump sum settlement having been without jurisdiction to hear and determine the issue.

Appeal from District Court, Harris County; W. E. Montieth, Judge.

Suit by the Employers' Indemnity Corporation against Willie Woods and others. From judgment for defendants, plaintiff appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, and E. J. Fountain, Jr., all of Houston, for appellant.

Pritchett Harvey, of Houston, for appellees.

WALKER, J. This suit was filed by appellant to set aside an award of the Industrial Accident Board in favor of appellee Willie Woods and his attorney, Pritchett Harvey. As a statement of the issues and facts in this case, we here give the first 10 of the trial court's conclusions of fact:

"(1) On November 26, 1918, Ineeda Laundry & Dye Works, a corporation operating a steam laundry in the city of Houston, Harris county, Tex., was a 'subscriber' under and as defined by the Workmen's Compensation Law of Texas, carrying a policy of insurance with the plaintiff in this suit, conditioned to pay to the employés of said Ineeda Laundry & Dye Works compensation as is provided for in said Workmen's Compensation Law, in event of injury to such employés, or any of them.

"(2) That on said November 26, 1918, the defendant Willie Woods was an employé of said Ineeda Laundry & Dye Works, and covered and insured by said policy of insurance, issued by plaintiff.

"(3) On November 26, 1918, the defendant Willie Woods, while engaged in the course of his employment, by said Ineeda Laundry & Dye Works, and while covered by said policy of insurance, sustained an accidental injury to his right arm, by having same caught in a steam wringer, which injury has produced and caused permanent loss of the use of his said arm.

"(4) That the average weekly wage of the defendant Willie Woods, on the date of injury, was $15 per week.

"(5) That said Willie Woods asserted the right to recover compensation under the Workmen's Compensation Law in consequence of the injury inflicted upon him on said 26th day of November, 1918, and by and through mutual agreement between him and the Employers' Indemnity Corporation compensation was paid to the said Willie Woods by the said Employers' Indemnity Corporation for a number of weeks through the operation of the Workmen's Compensation Law, under the general administrative supervision of the Industrial Board.

"(6) That on the 17th day of March, 1919, the plaintiff and defendant Willie Woods entered into the following agreement for a lump settlement, subject to the approval of the Industrial Accident Board:

"'State of Texas, County of Harris.

"'Whereas, on the 26th day of November, A. D. 1918, Willie Woods was injured in the course of his employment at Ineeda Laundry & Dye Works, at Houston, Harris county, Texas; and whereas, said Willie Woods is now twenty-four (24) years of age; and whereas, Employers' Indemnity Corporation carries the insurance of said Ineeda Laundry & Dye Works under the Workmen's Compensation Law of the state of Texas and has paid unto Willie Woods all compensation due him to date for said injuries; and whereas said Willie Woods is desirous of obtaining the balance of compensation due him at the present time and has approached the representatives of said Employers' Indemnity Corporation requesting such settlement: Now, therefore, it is agreed by and between said Willie Woods and said Employers' Indemnity Corporation that said Willie Woods will release said Employers' Indemnity Corporation of and from all claims, demands, causes of action and rights of action of any sort whatever that he may have against it, either at common law or under statute by reason of aforesaid injury upon the payment to him by said Employers' Indemnity Corporation of the sum of one hundred fifty dollars ($150.00); subject, however, to the condition that this agreement is approved by the Industrial Accident Board.

"'Employers' Indemnity Corporation,

"'By Andrews, Streetman, Logue & Mobley,
         his

"'Willie X Woods.
         mark

"'Witness to mark:

"'M. C. Champion.

"'T. J. Bury.'

"(7) That said agreement for a lump settlement was submitted to the Industrial Accident Board by said Employers' Indemnity Corporation and Willie Woods, for approval; that said board did not take any action on said agreement, but on October 16, 1919, said board entered its final order, in which the said Willie Woods was awarded compensation for 200 weeks from December 4, 1918, at the rate of $9 per week, less the amounts already paid him by the said Employers' Indemnity Corporation, and the attorney's fees allowed by said award.

"(8) I find that after said agreement for lump settlement was submitted to the Industrial Accident Board for its approval, and before said board had acted on said application for lump settlement, the said Willie Woods, on March 24, 1919, filed a suit against the Employers' Indemnity Corporation, in justice's

court, precinct No. 1, of Harris county, Texas, alleging, that he had entered into an agreement with the Employers' Indemnity Corporation for a lump settlement of his said claim, for $150, provided said Industrial Accident Board approved said settlement.

"That the Employers' Indemnity Corporation filed its answer in said suit on said 24th day of March, 1919, in which it admitted the facts alleged in said Woods' petition, and further alleged that the Industrial Accident Board had not formally approved said settlement, and that the agreement was not binding on it until approved by said board. On the same day, a judgment was rendered by said justice's court in favor of the said Willie Woods and against the Employers' Indemnity Corporation for $150, and said sum of $150 was on said 24th day of March, 1919, paid to Jas. L. Bailey, attorney in said suit for the said Willie Woods, and on the same day the said Woods executed the following release:

" 'The State of Texas, County of Harris.

" 'I, Willie Woods, in consideration of the sum of one hundred fifty dollars ($150.00) paid me by the Employers' Indemnity Exchange, Employers' Indemnity Corporation, and Ineeda Laundry & Dye Works of Houston, Texas, the receipt of which sum is hereby acknowledged and confessed, do hereby release and forever quitclaim Employers' Indemnity Exchange, Employers' Indemnity Corporation, and Ineeda Laundry & Dye Works of and from all rights and causes of action, either at common law or under the Workmen's Compensation Law, that I may have against them or any of them.

his<br>" 'Willie  X  Woods.<br>mark

" 'Witness: C. Hency.

" 'State of Texas, County of Harris.

" 'Before me, the undersigned authority, on this day personally appeared Willie Woods, known to me to be the person whose name is subscribed by mark to the foregoing instrument of writing and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

" 'Given under my hand and seal of office this the 24th day of March, A. D. 1919.

" 'R. H. Holland, Notary Public,
" '[Seal.]     Harris County, Texas.'

"(9) I find that the suit in justice's court of Harris county, Tex., and release executed by Willie Woods, described in paragraph 8, was a means employed by said parties to effectuate a lump settlement of said Woods' claim against the Employers' Indemnity Corporation without the approval of the Industrial Accident Board, for the sum of $150.

"(10) I find that said Willie Woods, at the time he accepted said $150 and executed said release, believed that his arm had then about recovered, and that he would have the full use of it in 15 weeks from the time said $150 was paid him; said belief being brought about by the advice and statements of Dr. Cruse, the physician who had been treating him, that the bones in his arm had knitted together, and that his arm would entirely recover from the effects of said injury in 15 weeks from said March 24, 1919; that said Willie Woods would not have accepted said sum of $150 in settlement of his claim but for the said statement of Dr. Cruse. I find that the statements made by said physician were not true, and that said Woods had, in fact, at said time, entirely and permanently lost the use of said arm. I find that the said Dr. Cruse had treated the said Woods continuously from the time he was injured up to the date said $150 was paid said Woods, and that the said Employers' Indemnity Corporation paid said doctor's bill."

[1] In addition to these conclusions, the trial court also found that Woods' claim against appellant was liquidated on the 4th day of December, 1918, in the sum of $9 per week for 200 weeks. We do not approve this conclusion. The power rested with the Industrial Accident Board to terminate this compensation at any time on a showing that Woods' arm had healed. We overrule appellant's other assignments, attacking the trial court's conclusions of fact. They are fully sustained by the record.

As a further statement of facts, we give the following excerpt from the testimony of James L. Bailey, who was Woods' attorney in the justice court suit:

"Woods said he was getting $9 a week, and could not live on it, and that he wanted to go back to Missouri, and I felt an interest in him from the fact that he came from where I used to live. I took the matter up with the Industrial Accident Board and with the attorney, Mr. Fountain, regarding an adjustment of the matter, but they would not talk to me. He said that he did not care to settle at all, at the start, and he would have to take it up with the company. Before taking it up with Mr. Fountain I took it up with Dr. Cruse, and had considerable trouble getting a statement from him. Finally Mr. Fountain said that he would pay $150. I told Willie about it, and he was perfectly satisfied with it. Willie got very impatient about it, and I had to call Mr. Proctor over the phone, who is a member of the Industrial Accident Board, who lives here, and I told him that I could get a statement from the doctor about the length of time, and he said, if I could get that statement, that he would approve, the board would approve, a settlement of $150."

Against the judgment of the trial court, under the first four assignments, appellant advances the following propositions: (1) That the justice court had jurisdiction to render the judgment in favor of Woods against appellant; (2) the judgment so rendered was res adjudicata of all matters involved in this suit; (3) the settlement was supported by a valuable consideration; and (4) Woods is estopped by the justice court judgment to further prosecute his claim. We do not think that these propositions are sound.

These propositions rest on the construction of the following section of the Workmen's Compensation Act:

"No agreement by any employé to waive his rights to compensation under this act shall be valid." Part 1, § 14 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–32).

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified: Provided, however, that in special cases, where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by.payment of a lump sum as may be determined by the board." Part 1, § 15 (article 5246–33).

"It is the purpose of this act that the compensation herein provided for shall be paid from week to week, and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein. * * *" Part 1, § 18 (article 5246–37).

"The board upon application of either party may, in its discretion, having regard to the welfare of the employé and the convenience of the association, authorize compensation to be paid monthly or quarterly.

"In any case where the liability of the association or the extent of the injury of the employé is uncertain, indefinite or incapable of being satisfactorily established the .board may approve any compromise, adjustment, settlement or commutation thereof, made between the parties." Part 2, § 12 (article 5246–53).

[2] It seems to us clear, from a reading of these sections, that it was the intention of the Legislature to provide for the payment of compensation in weekly payments, with certain definite exceptions, to be approved by the Industrial Accident Board, and to make void a contract by a beneficiary to commute his compensation to a lump sum without the board's approval. If we are correct in this construction of this act, it follows that the contract of settlement between Woods and appellant was void, as the board never approved it. In its dealings with Woods, appellant recognized this limitation on his power to contract, and conditioned its acceptance of Woods' offer of settlement on the approval of the Industrial Accident Board, and in the justice court pleaded as a defense the fact that the board had not approved the settlement. Though both parties recognized that Woods could not make a valid contract of settlement, yet they assumed that this want of authority in him to contract could be obviated by submitting the issue to the justice court. Thus we have before us the question of the jurisdiction of the justice court to try this issue, and to decree a lump sum settlement.

[3] In our judgment, this court did not have this power. The amount involved exceeded the jurisdiction of the court. If Woods' contract to settle his claim for $150 was void, it could not afford the basis of a judicial recovery. The court could only decree

a lump sum settlement after a full review of the whole case, and on such hearing the. amount in controversy would be the statutory compensation for the injury and its consequences. Georgia Casualty Co. v. Griesenbeck, 210 S. W. 273.

[4] Again, if there rests with the courts the power to decree lump sum settlements, as a subject of original jurisdiction, it must be under their general legislative or constitutional grant of power or the power inherent in them under the common law, for such power is not given them by the terms of the Workmen's Compensation Act. Under their general jurisdiction, we do not think they have the power to decree such settlements.

This Workmen's Compensation Act is in derogation of the common-law rights of the parties, and proposes, within its own compass, to provide for a speedy adjustment of all industrial accidents coming within its terms. The Industrial Accident Board is the machinery provided for the administration of all claims arising under this act. Provision is made, by way of appeal, for a review by the courts of the decisions and rulings of the board. The authority of the courts to review the decisions of this board is derived wholly from this act. A court of general jurisdiction, acting under a grant of special power, wholly derived from a legislative act, cannot act beyond the power thus granted. Of course we mean by this such legislative acts as are in derogation of the common law, as is this Workmen's Compensation Act, and powers not pertaining to the general jurisdiction of the courts.

It follows, then, that no intendments can be indulged in favor of such jurisdiction, but the record itself must disclose the facts which authorize it to act, and it must appear that the jurisdiction thus assumed is within the limits of the legislative grant. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 560; Corpus Juris, Workmen's Compensation Acts, p. 126, § 133; Hollywood v. Wellhausen, 28 Tex. Civ. App. 541, 68 S. W. 329; Hill v. Lofton, 165 S. W. 67; Mitchell v. Runkle, 25 Tex. Supp. 137; Georgia Casualty Co. v. Ward, 220 S. W. 380; Tex. Emp. Ins. Ass'n v. Roach (Com. App.) 222 S. W. 159; 15 C. J. 842, Corpus Juris W. C. A. P. 126, § 133. In this case it affirmatively appears that the justice court, under its general jurisdiction, was without power to act.

[5] This disposes of appellant's contention that this justice court judgment can be sustained on the ground that, in assuming jurisdiction, it found either that the board had approved the agreement, or that such approval was unnecessary, thus concluding: "If this was error, either as to facts or law, it is conclusive and binding." As this was a jurisdictional question, the decree of the court does not foreclose an inquiry into the facts which must give it jurisdiction. An ex-

amination of the record shows that the approval of this settlement by the board was not an issue before the justice court. It affirmatively appeared in that trial that the settlement had not been approved. Hence the conclusion does not follow from the judgment that the court found such an approval. Nor can the jurisdiction of the justice court be sustained on the ground that it held that the approval of the board was not necessary. This involves a jurisdictional question.

[6] Against the letter of the law, the justice court could not assume jurisdiction, and thereby make its judgment res adjudicata of that issue. It follows then that the issue of res adjudicata is not involved in this case. For the judgment of the court to be res adjudicata of the issues submitted to it, such court must have jurisdiction both of the parties and of the subject-matter. Vance v. Railway Co., 173 S. W. 264; U. S. Fid. & Gy. Co. v. Hall, 173 S. W. 892; Grayson County Bank v. Wandelohr, 105 Tex. 226, 146 S. W. 1186; 23 Cyc. 1233; Franz Brewing Co. v. Hirsch, 78 Tex. 192, 14 S. W. 450; Thaxton v. Smith, 38 S. W. 820; Ingram v. Phillips, 29 S. W. 915; Gatewood v. Laughlin, 2 Willson, Civ. Cas. Ct. App. §§ 149, 150.

[7] Nor is the issue of estoppel involved in this case. It could not arise under the agreement to settle, because Woods was without the power to contract. Nor could it arise under the judgment, because the court was without jurisdiction to hear and determine the issue. Nor could it arise under the release which Woods executed when appellant paid him the money. Woods could not lawfully act in any of these respects. No equities arise in appellant's favor on any of these issues. It knew all the facts, and was a willing party to the contract and the judgment. Woods has received no substantial benefit at the expense of appellants, as the board, in making the final decree, allowed full credit for all sums received by him.

Believing that the trial court made proper disposition of this case, and finding no errors in the record, the judgment is in all respects affirmed.