### KINKEAD v. CLARK et al.  (No. 1934.)

(Court of Civil Appeals of Texas. Amarillo. March 29, 1922. Rehearing Denied April 12, 1922.)

**1. Specific performance ⊗102—Action is in personam and not in rem.**

A suit for specific performance is an action in personam and not in rem, notwithstanding Rev. St. art. 1998, providing that where a judgment is for the conveyance of real estate the decree may pass the title without any act on the part of the party as to whom the judgment is rendered.

**2. Specific performance ⊗107 — Service by statutory nonresident notice on nonresident defendant held insufficient.**

In purchaser's action for specific performance against nonresident vendor of land within the state, service of nonresident notice under Rev. St. arts. 1869–1873, where defendant did not appear and answer as required by article 1873, *held* insufficient; an action for specific performance being an action in personam and not in rem.

**3. Pleading ⊗205(2)—General demurrer merely attacks sufficiency of allegations to state a good cause of action.**

A general demurrer merely attacks the sufficiency of the allegations to state a good cause of action.

**4. Pleading ⊗34(3)—Every reasonable intendment indulged in favor of petition on general demurrer.**

On general demurrer every reasonable intendment will be indulged in favor of the petition.

**5. Process ⊗155—Insufficiency of service not raised by general demurrer.**

In action for specific performance against nonresident vendor of land within the state served by nonresident notice under Rev. St. arts. 1869–1873, in which the petition did not allege that defendant had been so served, and his failure to appear and answer under article 1873, the insufficiency of such service could not be raised by general demurrer to the petition.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by H. E. Kinkead against Roy M. Clark and others. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

Stone, Miller & Guleke, of Amarillo, for appellant.

C. E. Gustavus, of Amarillo, for appellees.

HUFF, C. J. This is an action by appellant, Kinkead, against Roy M. Clark, a nonresident of the state of Texas and S. H. Richey and L. J. Gorman, residents of Potter county, Tex., to specifically perform a certain written contract, which shows to have been entered into by appellant and Roy M. Clark, whereby the latter, as owner of lots 9, 10, and 11, in block $3/_{236}$, of the Plemons addition to the town of Amarillo, Tex., granted to the appellant the exclusive privilege of sale of the lots for 30 days upon the consideration of $50 then paid, at a price of $1,100 on terms, one-fourth cash, and balance one, two, and three years at 6 per cent., or for $1,050 net on terms one-third cash, balance one and two years, at 8 per cent. It was understood by the parties thereto that if before the expiration of the 30-day option Kinkead desired to use the option and purchase the lots himself, then the $50 was to be applied on cash payments on the prop-

erty. It is alleged that appellant deposited the $50 in bank as required by the contract, and in other respects complied with the contract, and that within the 30 days' time he accepted the option and property at $1,050, one-third cash, and the remainder in one and two years, and so notified the defendant Clark; that the defendants Richey and Gorman are asserting some sort of right, title, and interest in and to said property, but that such rights, if any they acquired subsequent to the above contract and subsequent to appellant's original petition, and subsequent to his rights herein, and with full and general notice of appellant's contract, rights, and equities; that the reasonable market value of the property on the date of appellant's acceptance was $1,350, and by the refusal of Clark to comply with the contract appellant was damaged in the difference between that amount and the contract price. The prayer is upon final hearing that he have judgment for specific performance of the contract against each and all of the defendants, and in the alternative for judgment for the amount of his damages, for a foreclosure of his lien against all the property. The final pleading of the plaintiff below was his first amended original petition, filed May 30, 1921. Clark did not answer or appear and submit himself to the judgment of the court. Richey and Gorman jointly answered by general and special exception, and also to the merits. On October 12, 1921, the trial court, upon the presentation of the general exception by Gorman and Richey, sustained it, and did not pass upon the special exceptions. The judgment thereon recites that Kinkead and defendants H. S. Richey and L. J. Gorman appeared by attorney, and, the defendant Roy M. Clark, cited herein by nonresident notice, failing to appear and answer herein, that thereupon came on to be heard the general demurrer of Richey and Gorman to the first amended original petition, the court holding that the law was with the demurrer, and that, plaintiff having declined to amend, the cause was dismissed. From this judgment of dismissal the appellant appeals. By supplemental transcript brought up it is shown that appellant filed his original petition April 19, 1918, in which he sued Clark and one W. F. Atwood, to specifically perform the contract, alleging that Atwood is claiming to own lot 11 of the property described in the contract, which he acquired subsequent to the contract, with notice of appellant's rights. On that petition notice was issued to serve Clark by nonresident notice under the statute, the return thereon showing service on Clark in Vallejo county, Soloma, Cal., by one Moran on the 20th day of May, 1919. The defendant Atwood therein answered by exception and by general and special pleas, admitting the allegation that Clark was a nonresident of the state, and alleging service on him by nonresident notice, and his failure to answer, and asserting

that the court had no jurisdiction over him. He set up his purchase of lot No. 11 and the conveyance to him by Clark of lot 11 by deed' duly executed and recorded. On the 6th day of December, 1919, Kinkead filed what is termed his motion for nonsuit as to Atwood, stating he would not further prosecute against Atwood, and as against lot No. 11, but that such action should not be taken as prejudicing appellant's claim as to lots 9 and 10, as to which he continued the suit against Clark, and also continued it as to lots last mentioned. On December 6, 1919, the court entered judgment of nonsuit as to Atwood and lot No. 11, decreeing that appellant take nothing by his suit against Atwood on account of lot 11, and that Atwood go hence without day and recover of appellant the right, title, and possession as to lot 11, but that such judgment should not in any way prejudice appellant in his suit against Clark as to lots 9 and 10, and that the suit be continued as to Clark. Thereafter by amendment appellees herein were made parties to the action.

Appellant, by proposition, asserts: That his petition set forth a good cause of action as against a general demurrer. That the question as to whether Clark had been so served as to render him personally amenable to the court's decree would be a question of fact—a question of proof. It would never arise on general demurrer, unless the petition itself alleged that service was without the state, and that no appearance in the cause had been entered. The petition does not do this, and therefore this question could not be passed on by general demurrer. Secondly, that the assumption that it was necessary for Clark to execute a deed in compliance with decree before title would vest under decree is fallacious. That the assumption in a suit for specific performance is such a suit in personam as to require service within the state is incorrect, in view of article 1998 of the Revised Statutes. We have deemed it proper to consider first the nature of the suit.

[1, 2] This being a suit for specific performance the action is personal and not in rem. It was early so decided by the Supreme Court of this state, Hearst v. Kuykendall, 16 Tex. 327, at page 329, where it is said:

"The question then arises whether a suit for the specific performance of a contract for the sale of lands, and to secure a deed be, in a just sense, a suit for the recovery of lands; for if it be not the plaintiff is not inhibited from bringing suit at the domicile of the defendant. An action for the recovery of lands has a well-known and definite signification, and means an action of ejectment, trespass to try title, or a suit to recover the land itself; whereas the object of a suit by vendee, for specific performance, is not the recovery of the land itself, but to enforce a contract for its sale, and the delivery of a deed or title for the land."

It has been held several times by our

courts in discussing our venue statute that a suit for a specific performance is a suit in personam and not in rem. Miller v. Rusk, 17 Tex. 170; Cavin v. Hill, 83 Tex. 73, 18 S. W. 323; Burkitt v. Wynne, 62 Tex. Civ. App. 560, 132 S. W. 816; Garrison v. Stokes (Tex. Civ. App.) 151 S. W. 898. In the case of Lucas v. Patton, 49 Tex. Civ. App. 62, 107 S. W. 1143, the court had under consideration the jurisdiction of that court over a nonresident of the state in a suit for specific performance of a contract for the sale of land in this state. It is said therein:

"The suit being in personam, the defendant being a nonresident of Texas, and service being had on him at his domicile, and there having been no levy of an attachment upon property belonging to him situated in this state, no valid judgment could have been rendered against him (Scott v. Streepy, 73 Tex. 547, 11 S. W. 532; Brewing Co. v. Hirsch, 78 Tex. 192, 14 S. W. 450), unless he voluntarily appeared and submitted himself to the jurisdiction of the court."

It was, however, held in that case that he had made such appearance as to subject himself to the jurisdiction of the court under the holdings in York v. State, 73 Tex. 651, 11 S. W. 869. We also quote from Banco Minero v. Ross, etc., 106 Tex. 522, at page 536, 172 S. W. 711 at page 714:

"The case might well be rested here, but it is probably due that we pass upon the question of the validity of the judgment rendered in the Mexican suit and its right to recognition in our courts. The suit was one to enforce against Ross and Masterson, in favor of Terrazas and his associates, the specific performance of the contract entered into for the sale of the Mexican land. The obligation of Ross and Masterson under that contract was a purely personal obligation, namely, to pay in cash a certain amount of the stipulated purchase price of the land and execute their vendor's lien notes for the balance. The character of the obligation which the suit was brought to enforce and the relief sought, necessarily determine the nature of the action. Any judgment rendered against Ross and Masterson on the contract could be operative only against them personally, and the judgment actually rendered had no other purport or effect. As against them it did not propose to affect any property within the jurisdiction of the court. That according to its terms it involved an obligation on their part to make a further cash payment to Terrazas of $40,000, and that the money which, according to the contract, was to constitute such payment upon Terrazas' compliance with the contract, had then its situs in the state of Chihuahua, made it none the less a personal action. Pomeroy Eq. Jur., § 1318; Miller v. Rusk, 17 Tex. 170. Being essentially a suit in personam, the judgment as to Ross, rendered on service by publication is void. Pennoyer v. Neff, 95 U. S. 714; Black on Judgments, § 836. Being a void judgment as to Ross because rendered without jurisdiction, under the accepted law of this country, the trial court properly denied it any effect as to him."

The appellant contends this is an action in rem under article 1998, R. C. S., under the title Judgments, and which provides:

"Where the judgment is for the conveyance of real estate, or for the delivery of personal property, the decree may pass the title to such property without any act to be done on the part of the party against whom the judgment is rendered."

We are unable to interpret this statute as having the effect of converting the equitable action for specific performance, personal in its nature, and so declared by all the courts, to be one in rem. Our courts seem never to have so construed that article, and it has been the law since 1846. The statute evidently contemplates a suit for land or title, or which acts upon the title to the land upon which a decree can be entered for the title, and when so entered it would have the effect to convey the title whether there was anything done by the party against whom the judgment was rendered. As we conceive the matter, the statute does not affect the nature of the suit or determine the nature of the suit in which such a judgment may be rendered. The appellant insists, under our procedure as to suits authorizing the enforcement of any lawful claim or right to or against real estate, that such recognition would comprehend specific performance. As above pointed out, our courts do not so hold.

"An action for specific performance of a contract for the conveyance of real property is essentially a proceeding in personam and not in rem; and, in the absence of a statute expressly or impliedly authorizing service of process by publication in such a proceeding, the rule is that the defendant must be served personally to bring him within the jurisdiction of the court. It is competent, however, for the Legislature of the state, within which the land is situated, to give such suit the character of a suit in rem or quasi in rem, so as to sustain the jurisdiction on constructive service against a nonresident."

If a local statute, providing for service by publication, on nonresident defendants, specifically names suits for specific performance, that would be sufficient within itself to characterize the suit as one in rem. 21 R. C. L. Process, § 30, p. 1286; Hollander v. Central Metal, etc., 109 Md. 131, 71 Atl. 442, 23 L. R. A. (N. S.) 1135, and notes thereunder. Under our statutes for service by notice to a nonresident defendant or for citation by publication, we find no such provision. Article 1873 requires such defendant, who has been so served, to appear and answer in the same manner and under the same penalties as if he had been served with citation in the state. But it has been repeatedly held in our state that if he does not submit to the jurisdiction of the court a personal judgment cannot be rendered against him. York v. State, 73 Tex. 651, 11 S. W. 869. In suits against resident defendants, he cannot be sued out of his county for specific performance, even

under the exception of our venue statutes providing that suits must be brought in the county where the land may lie, such as suits for damages to lands, suits to remove incumbrances upon title, suits to quiet title and to prevent waste on lands. It would certainly be inconsistent to hold as to a resident defendant the action is personal and as to a nonresident defendant it is in rem. This the statute will not warrant, and, in fact, we think the Supreme Court has announced that as to nonresident defendants the action is personal. If appellant interpreted the action as one in rem, he should have insisted upon judgment by default against Clark.

The appellant apparently asks for a foreclosure of the lien, presumably for the $300 damages sustained by him upon the breach of the contract by Clark. Under his allegations he had no lien to foreclose, and this gave no cause of action in rem. Cornelius v. Harris (Tex. Civ. App.) 163 S. W. 346 (4).

[3-5] We have concluded, however, that the appellees in this case cannot reach the question sought to be presented by general demurrer. This had the effect only of calling into question the sufficiency of the allegations of the petition as stating a good cause of action, and every reasonable intendment will be indulged in favor of the petition. We think the petition in this case states a cause of action, and was not subject to a general demurrer. The office of a general demurrer, and the only question which will be entertained under it, is whether the pleadings demurred to disclose the existence of any cause of action or cause of defense. Warner v. Bailey, 7 Tex. 517. The evident purpose of the demurrers in this case was to call in question the jurisdiction of the court over Clark, who was alleged to be a nonresident of the state. The petition does not allege that Clark had been served and would not submit himself to the jurisdiction of the court, or had not done so. These facts, if they exist, were aliunde the petition, and were not necessary to be alleged in order to show a cause of action or jurisdiction, even though it be one in personam. Our statutes permit suits against nonresident defendants and service on such by notice to him. Articles 1869 to 1873, inclusive. He is required to answer thereto. The courts are not without jurisdiction to entertain the suit, but it cannot, under the decisions, render a judgment until the defendant submits to the jurisdiction of the court. As above stated, a general demurrer does not put in issue whether he has or will submit to the jurisdiction. As a rule, when a general demurrer is sustained, and plaintiff declines to amend, it is conclusive of the cause of action. Bomar v. Parker, 68 Tex. 435, 4 S. W. 599.

Ordinarily, we should think, if an exception is taken because the court has no jurisdiction of the person or subject-matter of the suit, the order should be one of abatement of the suit, and we believe this was the purpose of the action of the trial court upon the exception, as evidenced by the order and the supplemental transcript filed in this court. In other words, upon the presentation of the exception the court took into consideration the suit as originally filed against Atwood, his purchase of lot 11, and judgment therefor upon his being dismissed by nonsuit, the fact that Clark had been served as a nonresident and had not answered, etc. These facts do not appear in the petition excepted to, and were not necessary to be alleged in order to constitute a cause of action. They were more in the nature of defensive matters that may or may not have defeated the jurisdiction of the court, or have defeated appellant's cause of action as to appellees. On the exception and the order sustaining it, we do not think we are called upon to determine what kind of plea or action should be taken by the resident defendants who may have purchased the lots from Clark. However, it may be questioned whether the appellees herein could urge a general demurrer which may only go to the rights of Clark. Springer v. Collins (Tex. Civ. App.) 108 S. W. 758. It is not our purpose to hold that appellees could not allege the facts, either in abatement or in bar, which may discharge them or defeat a cause of action against them, but we do not think a general demurrer will have such effect.

The judgment will be reversed, and the cause remanded.