**EMPLOYERS' INDEMNITY CORPORATION v. WOODS et al. (No. 320–3663.) \***

(Commission of Appeals of Texas, Section B. Oct. 11, 1922.)

**1. Judgment ⬚489—Judgment without jurisdiction of subject-matter is void.**

A judgment rendered by a court which does not have jurisdiction of the subject-matter is void.

**2. Master and servant ⬚396—Justice court without jurisdiction of lump sum settlement under Compensation Act.**

Under Workmen's Compensation Act 1917, pt. 1, §§ 14, 15, 18 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—32, 5246—33, 5246—37), and part 2, §§ 5, 12 (articles 5246—44, 5246—53), the courts have no jurisdiction in matters of lump sum settlements, except by way of appeal from the decision of the Industrial Accident Board, which has original jurisdiction, and a justice court has no jurisdiction of a suit for the amount of a lump sum settlement not approved by the board, though the suit is filed by agreement of the parties.

**3. Judgment ⬚497(1)—Jurisdiction negatived by record not presumed.**

Where the record of a judgment collaterally attacked negatives the existence of facts showing jurisdiction, such facts will not be conclusively presumed.

**4. Master and servant ⬚411—Judgment of justice court for lump sum settlement not a bar to compensation award by board.**

Under Workmen's Compensation Act 1917, pt. 1, §§ 14, 15, 18 (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—32, 5246—33, 5246—37), and part 2, §§ 5, 12 (articles 5246—44, 5246—53), a judgment rendered by a justice court for the amount of a lump sum settlement, not approved by the Industrial Accident Board, is absolutely void for want of jurisdiction, and is not a bar to a subsequent award by the board.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by the Employers' Indemnity Corporation against Willie Woods and others to set aside an award of the Industrial Accident Board. A judgment for defendants was affirmed by the Court of Civil Appeals (230 S. W. 461), and plaintiff brings error. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, for plaintiff in error.

Pritchett Harvey, of Houston, for defendants in error.

POWELL, J. On November 26, 1918, the Ineeda Laundry & Dye Works, a corporation, was operating a steam laundry in the city of Houston, and was a "subscriber" under and as defined by the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246–1 to 5246–91), carrying a policy of insurance with plaintiff in error, conditioned to pay to the employés of said laundry the compensation provided for in said law, in event of injury. On the said 26th day of November, 1918, Willie Woods, defendant in error, after working for said laundry about 20 days, had his right arm seriously and accidentally crushed and injured in an electric wringer, while in the discharge of his duties under aforesaid employment.

This employé was covered by the insurance above described. Under the terms of the Compensation Act, under the general administrative supervision of the Industrial Accident Board, the Indemnity Company paid the injured boy his weekly compensation of $9; that being 60 per cent. of his average weekly wage of $15. This weekly payment continued regularly from the early part of December, 1918, until the 24th day of March, 1919. Early in March, 1919, Woods decided he would prefer a so-called "lump sum settlement." After considerable negotiation, his attorney, James L. Bailey, and the attorney for the Indemnity Company, entered into a written agreement under which the company, *subject to the approval of the Industrial Accident Board*, agreed to pay $150 in full settlement of all claims. This contract was dated March 17, 1919. After it was executed, it was forwarded to the board at Austin for its approval, as all parties expressly contracted that such approval was necessary to the validity and binding effect of the settlement.

But Woods quickly thereafter became impatient, and endeavored to get the company to pay the $150 before the board had given its approval. The company continued to decline to so make the payment. Then the attorney for Woods suggested to the attorney for the company that, if the latter would not contest his suit, he would file a suit for the $150 in the justice court at Houston, and thought he could get it through under these circumstances, and that the judgment would be binding. The attorney for the company agreed, and told his opponent to go ahead on that basis. The suit was filed in the justice court at once. The company waived service and filed answer immediately, alleging the necessity for and lack of the approval of the board aforementioned. The justice court suit was filed March 24, 1919. No

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Rehearing denied November 8, 1922.

appeal was taken. The judgment was paid on the same day by the Indemnity Company, and release taken from the claimant, Woods. Thus, in less than one week from the time all parties submitted this matter to the jurisdiction of the board at Austin, they attempted to defeat the jurisdiction of the latter by this proceeding in the justice court.

The Accident Board refused to recognize the judgment of the justice court, stating that it had jurisdiction of this matter, and had never approved the lump sum settlement in question, and had not in any way surrendered its jurisdiction. The board continued its investigation, and on October 16, 1919, entered its formal order declining approval of the lump sum settlement suggested. In its stead, the board awarded Woods a recovery of $9 per week, payable weekly, for a period of 200 weeks. However, it allowed the company credit, not only for the weekly payments it had theretofore made, but also, in a spirit of complete equity, for the $150 it had paid under the void judgment of the justice court. The Indemnity Company, in due course and in compliance with the terms of the Compensation Act, appealed from this order of the Accident Board, and filed such appeal in the district court of Harris county, Tex. Woods, through his new attorney, Harvey, contested this suit by the company. The court, without a jury, sustained the award of the Accident Board. Upon appeal by the company, the Court of Civil Appeals affirmed the judgment of the district court. See 230 S. W. 461.

[1] The controlling question upon this appeal is whether or not the justice court judgment aforesaid is res adjudicata of this controversy, and therefore a bar to the award of the Accident Board. Before it can become such a bar, the justice court must have had jurisdiction of this controversy when it rendered its judgment. This is fundamental. If it did not have jurisdiction of the subject-matter, the judgment was void and of no effect. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. Therefore the first important inquiry is as to whether or not the justice court had any jurisdiction of this case at the time it rendered aforesaid judgment. We now approach a discussion of this question.

[2] It must be remembered, in the very beginning, that this action is not one under the old common-law rules of liability or under the general jurisdiction of the courts. The relief here sought is not one based upon liability of the employer for injuries sustained by his employés as a result of his negligence. Rather it is a fixed compensation provided by law for the relief of those accidentally injured, even in the absence of any fault upon the part of the employer. It is a statutory matter entirely. The general admin-

istration of this law has been intrusted by our lawmakers, in their wisdom, to an Industrial Accident Board, composed of three experts. Texas made her first venture into this field of legislation in 1913. Laws 1913, c. 179. After a few years' experience with this initial act, the Legislature largely rewrote it, and in doing so passed what is known as the "Compensation Act of 1917," under which, with very minor amendments, we are now operating. So far as the case at bar is concerned, the act of 1917 alone is applicable. Under the terms of this act, we think it entirely clear that the original jurisdiction in matters of lump sum settlements was lodged by our Legislature in this Accident Board. Our lawmakers very wisely expressly provided for an appeal to a court of competent jurisdiction by any dissatisfied interested party under certain rules and regulations. As showing the character of jurisdiction conferred by the act of 1917 upon the board, we quote sections from that act as follows:

Section 5 of part 2 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–44) reads:

"All questions arising under this act, if not settled by agreement of the parties interested therein *and within the terms and provisions of this act*, shall, except as otherwise provided, be determined by the board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said board shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision, and said board shall proceed no further toward the adjustment of such claim, other than as hereinafter provided: Provided, however, that whenever such suit is brought, the rights and liability of the parties thereto shall be determined by the provisions of this Act, and the suit of the injured employé or person suing on account of the death of such employé shall be against the association if the employer of such injured or deceased employé at the time of such injury or death was a subscriber as defined in this Act. If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation. In case of recovery the same shall not exceed the maximum compensation allowed under the provisions of this Act. If any party to any such final ruling and decision of the board, after having given notice as above provided, fails within said twenty days to institute and prosecute a suit to set the same aside, then said final ruling and decision shall be binding upon all parties thereto, and, if the same is against the association, it shall at

once comply with such final ruling and decision, and failing to do so the board shall certify that fact to the commissioner of insurance and banking, and such certificate shall be sufficient cause to justify said Commissioner of Insurance and Banking to revoke or forfeit the license or permit of such association to do business in Texas."

Section 14 of part 1 (article 5246–32) reads:

"No agreement by any employé to waive his rights to compensation under this act shall be valid."

Section 15 of part 1 (article 5246–33) reads:

"In cases where death or total permanent incapacity results from an injury, the liability of the association may be redeemed by payment of a lump sum by agreement of the parties thereto, subject to the approval of the Industrial Accident Board hereinafter created. This section shall be construed as excluding any other character of lump sum settlement save and except as herein specified: Provided, however, that in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board."

Section 18 of part 1 (article 5246–37) reads:

"It is the purpose of this act that the compensation herein provided for shall be paid from week to week and as it accrues and directly to the person entitled thereto, unless the liability is redeemed as in such cases provided elsewhere herein, and, if the association wilfully fails or refuses to pay compensation as and when the same matures and accrues, the board shall notify said association that such is the course it is pursuing and if after such notice the association continues to willfully refuse and fail to meet these payments of compensation as provided for in this act, the board shall have the power to hold that such association is not complying with the provisions of this act. And shall certify such fact to the commissioner of insurance and banking and said certificate shall be sufficient cause to justify said commissioner of insurance and banking to revoke or forfeit the license or permit of such association to do business in Texas, provided said power of the board shall not be held to deny the association the right to bring suit or suits to set aside any ruling, order or decision of the board."

Section 12 of part 2 (article 5246–53) reads:

"The board upon application of either party may in its discretion, having regard to the welfare of the employé and the convenience of the association, authorize compensation to be paid monthly or quarterly.

"In any case where the liability of the association or the extent of the injury of the employé is uncertain, indefinite or incapable of being satisfactorily established the board may approve any compromise, adjustment, settlement or commutation thereof made between the parties."

It is too clear for argument, it seems to us, that the courts of our state have no jurisdiction to pass upon lump sum settlements, except by way of appeal from the decision of the Accident Board. These settlements must first be submitted to that board. After it has made its order, an appeal to the courts can be taken by either of the interested parties. But, even then, the Accident Board must be notified of this appeal, so that it may take such action in the premises as it deems advisable. That the Legislature did not intend to give justice courts the power to step in and prematurely deprive the Accident Board of its jurisdiction in these matters is beyond doubt, we think. The Texas courts have held that the jurisdiction of the courts in matters of this kind arising under the Compensation Act is now solely appellate, and that the original jurisdiction therein is confided solely to the Accident Board. For instance, we quote as follows from the opinion of the Court of Civil Appeals at Texarkana, in the case of Georgia Casualty Co. v. Ward, 220 S. W. 380:

"And, we add, so far as it was for compensation for Ward's death, which occurred after the act of March 28, 1917 (General Laws, c. 103 [Vernon's Ann. Civ. St. Supp. 1918, art. 5246–1 et seq.]), amending the act of April 16, 1913, took effect, it could not be maintained, because by the terms of the statute as amended proceedings for the compensation must have been commenced and prosecuted to a decision in the first instance before the Industrial Accident Board."

The above case did not reach the Supreme Court on writ of error, but it is particularly interesting in view of the fact that the same court had held, about one year prior to that time, in the case of Jenkins v. Insurance Association, 211 S. W. 349, that the act of 1913 did not prohibit the parties from making certain agreed settlements independently of the Accident Board. In the Jenkins Case, so construing the act of 1913, a writ of error was denied by the Supreme Court.

Act 1917, part 2, § 5, is vastly different from the same section of the former act. Under the present act, all questions arising thereunder shall be determined by the board, if not settled by agreement of the parties, which settlement itself must be *within the terms and provisions of the act*. The underscored words were not found in the original act. Under the present act lump sum settlements cannot be enforced without the approval of the board, except upon appeal to the courts at the proper time and under the terms of the act itself. It seems to us there can be no question about this. If there is one significant fact above another about the differences between the acts of 1913 and 1917, it is that the lawmakers, in the latter, have seen fit to enlarge the powers and increase

the sphere of usefulness of the Accident Board of the state.

As showing the view of section A of the Commission of Appeals on the jurisdiction of the courts in these matters, we quote as follows from Judge Taylor's opinion in case of Insurance Association v. Roach, 222 S. W. 161.

"The right to sue is by way of an appeal, and until final decision is rendered by the board there is nothing from which an appeal can be prosecuted."

In the later case of Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756, Judge Taylor held that, upon appeal to the courts from an award of the Accident Board, the trial court and Court of Civil Appeals had authority to pass upon a lump sum settlement in the same way that they would upon any other question of fact.

For a very interesting case in other jurisdictions involving the requirement of approval of lump sum settlements by the central board of the state, we refer to the very recent able and exhaustive opinion of the Supreme Court of Illinois in the case of International Coal & Mining Co. v. James Nicholas, 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010. The above opinion is most interesting in its entirety, and we quote from it as follows:

"It is urged, however, that one of the purposes of the act is to encourage settlements, and that the Industrial Commission has jurisdiction only where such settlements have not been made. While it is true that one of the purposes of the act is to encourage settlements of claims arising under it, yet such a settlement, in order to be within the contemplation of the act, must be made in accordance with the terms and provisions of the act; and while it is likewise true that the Industrial Commission will not interfere with such a settlement, when made, yet it does not follow that, where the Industrial Commission has taken jurisdiction, such jurisdiction can be taken from it by the action of the parties, unless such action be in conformity with the act. This, as we view it, was an attempted lump sum settlement on the part of the employer and the employee. Such a settlement must be petitioned for as provided in section 9 of the act, and must be approved by the Industrial Commission."

Again, that court says:

"As was said by this court in the Goelitz Co. Case: 'The fundamental basis of Workmen's Compensation Laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents should not necessarily rest upon the public, but that the industry in which an accident occurred shall pay, in the first instance, for the accident. Harper on Workmen's Comp. § 5.' That lump sum payments, with proper safeguards, should be permitted, is obvious, because on the part of the employer it may become necessary for him to terminate all his obligations to his injured workmen and others, and on the part of the employee and his dependents circumstances may arise when to deny such a lump sum settlement would result in great hardship and distress, or entire loss of the compensation. On the other hand, the state is concerned in preventing dissipation of the money paid, and an early recourse to that charitable aid which systematic compensation aims to avoid."

We are much impressed with the idea that there is a large element of public interest in the administration of this Compensation Act. The only body which can protect the public is the Accident Board. It would be idle to expect the employer or the insurance company to exercise any particular degree of care in behalf of the public. Their natural desire would be to get rid of the claim as economically as possible to themselves. It is also true that the injured employé is frequently tempted to accept a sum which, paid all at once, looks large to him, and thereby, in fact, "sell his birthright for a mess of pottage." The Accident Board alone can protect the public interest and in a large measure save these claimants from themselves. Many of them do not need this protection. If so, the supervision of the Accident Board, at least, does no harm. To those who do need it, this supervision is exceedingly valuable.

The Legislature undoubtedly desired that, in nearly all cases, the compensation should be paid weekly. It so expressly provided. It enacted that in certain exceptional cases the board could approve or decree a lump sum settlement. This latter character of adjustments was not authorized, under any circumstances, without first running the gauntlet of the board at Austin. The case at bar is a splendid example of the wisdom of having the board supervise lump sum settlements. Here a young man, desiring to take a long trip, decided to release his probable right to a recovery of some $1,800 for the rather nominal sum of $150, in order that he might get sufficient funds in hand at one time for his prospective trip. If this settlement had been binding, the result would have been that he would probably have speedily become a public charge, when the small payment had been improvidently spent. The public has a right to protect itself from the speedy return of such people to a position where they are likely to become charges upon public charity. In other words, the claimant and insurance company cannot, just among themselves, deprive the Accident Board of the jurisdiction conferred upon it by the Legislature, and thereby ignore the rights of the public generally.

[3] But counsel say that this proceeding is in the nature of a collateral attack upon the justice court judgment; that, under those circumstances, jurisdiction should be *conclu-*

*sively presumed.* We think not in this case. The Court of Civil Appeals finds:

"An examination of the record shows that the approval of this settlement by the board was not an issue before the justice court. It affirmatively appeared in that trial that the settlement had not been approved."

We think the Court of Civil Appeals entirely correct in this conclusion of fact. The record itself in the justice court case affirmatively shows that said court did not have jurisdiction to try the case. There was no appeal from a final decree of the Accident Board; there was no final decree. Under such an affirmative showing, the contrary cannot be conclusively presumed. If the record negatives the existence of facts showing jurisdiction, such facts will not and should not be conclusively presumed. Templeton v. Ferguson, 89 Tex. 57, 33 S. W. 329.

Again, there was no objection by the company to any proof introduced in the district court. Said proof, without any attempted contradiction, shows that the Accident Board had not approved this lump sum settlement, but had the same under advisement, when the justice court judgment was rendered. It does not seem entirely consistent to us for counsel to sit by and permit it to be conclusively shown that the justice court had no jurisdiction, and then seriously ask the appellate courts to conclusively find to the contrary. It would seem to be the better practice to object to testimony, if it is inadmissible, or at least ask for a limitation of its effect, if it be admitted for some special purpose only.

[4] If this justice court judgment can avail to defeat the award of the Accident Board in this case, then the courts would, in our opinion, have made a veritable mockery of the jurisdiction of the Accident Board in the all-important matter of lump sum settlements. The courts had just as well repeal the statutes. But, we do not favor judicial repeals of legislative enactments, so long as they are not violative of any constitutional provisions. When the Legislature speaks in plain terms, and provides a clear method, step by step, as it has done in this matter, we think the courts should uphold and enforce the same. Otherwise, justice courts will continue, with increasing frequency, to deprive this board of its jurisdiction and seriously hamper it in the splendid service it is now rendering our state in the enforcement of this law.

It follows, from what has been said, that we think the judgment of the justice court was absolutely void for lack of jurisdiction, and therefore could not constitute a defense in the nature of a bar to the award of the Accident Board. The Court of Civil Appeals, speaking through Justice Walker, has written a very able opinion in this case, and

we shall not discuss the holdings any further. We deem such a course unnecessary.

We think the district court entered the proper judgment in sustaining the award of the Accident Board, and that the Court of Civil Appeals correctly affirmed the judgment of the trial court.

Therefore we recommend that the judgments of the district court and Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.