### CASSELS v. SERVICE MUT. INS. CO. OF TEXAS.

#### No. 11132.

Court of Civil Appeals of Texas. San Antonio.

Dec. 10, 1941.

See also Tex.Civ.App., 157 S.W.2d 423.

Smith & Smith and B. Ray Smith, all of Corpus Christi, for appellant.

Scott & Wilson, of Waco, for appellee.

SMITH, Chief Justice.

This is a workmen's compensation case which, according to the findings of the court below, has never been adjudicated by the Industrial Accident Board, and which was dismissed by the District Court for want of jurisdiction on that account. The cause has been advanced and set for submission in this Court January 7, 1942.

The parties have now filed in this Court their "Joint Motion to Enter Agreed Judgment." The motion is accompanied by an agreement of compromise and settlement, in a lump sum, of appellee's claim of compensation, and apportionment of the agreed amount between appellee and his attorneys. This Court is asked to approve the settlement as being just and fair to all the parties, and render judgment thereon, and, incidentally, to adjudicate the matter of cost of appeal so as relieve all parties of enforceable liability therefor.

A lump sum settlement by agreement between employee and insurance carrier is a nullity unless the settlement is first approved by the Industrial Accident Board. Lawler's Texas Workmen's Compensation Law, § 34; Employers' Ind. Corp. v. Woods, Tex.Civ.App., 230 S.W. 461; Id., Tex.Com.App., 243 S.W. 1085; Indemnity Ins. Co. v. Jones, Tex.Civ.App., 299 S.W. 674; Indemnity Ins. Co. v. Murphy, Tex.Civ.App., 53 S.W.2d 503; Petroleum Cas. Co. v. Lewis, Tex.Civ.App., 63 S.W.2d 1066; Smith v. Petroleum Cas. Co., Tex.Civ.App., 72 S.W.2d 640.

It follows, as a matter of course, we conclude, that on proper appeal from a final award of the Board a trial court has the power to approve such agreement upon sufficient evidence that the proposed settlement is fair and just.

The present proposed settlement, however, was not submitted to or approved by the Industrial Accident Board, which apparently took no action upon any phase of appellee's claim, and the trial court took no action upon the case except to dismiss it for want of jurisdiction.

Obviously, it is no proper function of this Court to take original jurisdiction to hear evidence and pass upon the merits of the proposed settlement of an unadjudicated claim and approve it as fair and just, nor is this Court bound to approve a provision in the settlement agreement which has the effect of depriving the administrative officers of this Court of any recourse for the costs of this appeal.

The motion is overruled at the joint cost of the parties.